**DEPARTMENT OF EDUCATION,**
**Plaintiff,**

**v.**

**Laura VALENZUELA, Defendant,**

**and**

**Laura VALENZUELA, by her next friends Maximo and Erlyne Valenzuela; Maximo Valenzuela and Erlyne Valenzuela, Counterclaimants,**

**v.**

**DEPARTMENT OF EDUCATION,**
**Counterclaim Defendant.**

**Civ. No. 80–0047.**

United States District Court,
D. Hawaii.

Oct. 15, 1981.

Charleen M. Aina, Deputy Atty. Gen., Honolulu, Hawaii, for plaintiff.

Shelby Anne Floyd, Honolulu, Hawaii, for defendant.

## ORDER PARTIALLY GRANTING MOTION FOR ATTORNEYS' FEES

HEEN, District Judge.

This Motion for Award of Attorneys' Fees by Defendant/Counterclaimants [1] raises three issues: 1) Whether Defendant is entitled to attorneys' fees as the "prevailing defendant"; 2) Whether Defendant is entitled to attorneys' fees on her counterclaim; and 3) Whether Defendant is entitled to attorneys' fees for the State administrative hearing held in this matter.

The case arises out of a dispute between the parties over the provisions of the Education for all Handicapped Children Act, P.L. 94–142, 20 U.S.C. § 1415(e) (E.A.H.C. A.). Defendant had requested that Plaintiff pay the tuition for Defendant's attendance at a private school while waiting for Plaintiff to establish an acceptable public school instructional program. After an administrative hearing officer's adverse decision, Plaintiff appealed to the Circuit Court for the State of Hawaii for a review. The State Court held that Plaintiff was not authorized under Hawaii law to make such an appeal and summarily dismissed Plaintiff's petition. Thereafter, Plaintiff filed this action for review of the same decision.

By way of an amended answer, Defendant counterclaimed alleging that Plaintiff had violated 42 U.S.C. § 1983 and 45 C.F.R. § 121A.513(a) by failing to pay Defendant's tuition at a private school for the period from September 1, 1978 to January 22, 1980. Defendant thereafter filed a Motion to Dismiss on four grounds: 1) The Statute of Limitations had expired, 2) The Plaintiff was not authorized by State law to appeal, 3) There was an independent State ground for relief for Defendants, and 4) Plaintiff's claims were barred by the judgment of the State Court.

On April 16, 1981, District Judge Samuel P. King dismissed this action as not being timely filed. Judge King's order was based on the fact that on March 23, 1981, in a case similar to the case at bar,[2] he had ruled that the D.O.E. was bound by the thirty-day limitation of the Hawaii Administrative Procedures Act (H.A.P.A.).[3]

### I.

## DEFENDANT'S CLAIM AS PREVAILING DEFENDANT

Defendant claims that this appeal was frivolous, unreasonable and groundless for

---

1. Counterclaimants are the Defendant and her parents as her next friends and individually. For purposes of this order, they will collectively be referred to as Defendant.

2. *D.O.E. v. Carl D.*, Civil No. 80–0026.

3. Hawaii Revised Statutes, Chapter 91.

the reason that the D.O.E. knew or should have known that this action would fail because of the State Court's ruling. Defendant contends that Judge King's order of dismissal makes her the prevailing defendant. Plaintiff's position is that P.L. 94–142 gives it an appeal by right and, at the time the appeal was filed in this Court, there was no definitive ruling on the application of the thirty-day H.A.P.A. limitation. Furthermore, Plaintiff asserts that the filing of the appeal in State Court tolled that limitation. Judge King's decision in the Carl D. case was that the period was not tolled by the filing of the State action. Plaintiff has appealed the order of dismissal. The petition for review in this case was filed on January 28, 1980, while the petition in the Carl D. case was filed on January 2, 1980. Thus, at the time of filing, there was no definitive ruling regarding the limitation period.

■ It has been firmly established that prevailing defendants in a Title VII civil rights action may be awarded attorney's fees. *Christiansburg Garment Co. v. E.E. O.C.* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), *Bowers v. Kraft Foods Corp.,* 606 F.2d 816 (8th Cir. 1979). In *Christiansburg,* the Supreme Court held that a defendant in a Title VII action under the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Id.* 434 U.S. at 421, 98 S.Ct. at 700. The *Bowers* Court went further to say that defendants will be awarded fees if plaintiff continued to litigate after it clearly became apparent that the action was frivolous, unreasonable or without foundation. *Bowers, supra* at 818.

In a subsequent case, *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the Supreme Court awarded prevailing defendants attorneys' fees under 42 U.S.C. § 1988, Civil Rights Attorney's Fees Award Act, holding that there is no reason to apply a different standard to an action under 42 U.S.C. § 1983 than one under Title

VII. The Court also held that the fact that a plaintiff might ultimately lose its case would not in itself justify the awarding of fees. The action must be meritless in that it is groundless or without foundation.

■ Plaintiff's petition in this matter is not meritless, frivolous or unreasonable within the meaning of *Christiansburg.* The E.A.H.C.A. allows any party aggrieved by the hearing officer's decision to file a civil action in either a State Court or in a District Court. As stated earlier, the question whether the H.A.P.A. thirty-day limitation to file appeals was applicable to E.A.H.C.A. action had not been presented to this Court for decision. The proximity of time of filing of the Carl D. case and this case was such that Plaintiff could not have been aware that the ruling in Carl D. would be adverse to its position here. It was not unreasonable or frivolous for the Plaintiff to rely upon its argument that the filing of the action in State Court did in fact toll the H.A.P.A. limitation, if in fact it applied at all. The difference in interpretation of statutes and Statutes of Limitation is what makes law suits.

In applying the *Christiansburg* criteria, "it is important that a District Court resist the understandable temptation to engage in post hoc reasoning by concluding that, because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg, supra* 434 U.S. at 421, 98 S.Ct. at 700. Even Plaintiff's failure to prosecute resulting in a dismissal with prejudice, did not establish as a matter of law that a claim was either frivolous or vexatious so as to warrant an award of attorneys' fees to the Defendant. *Anthony v. Marion County General Hospital,* 617 F.2d 1164 (5th Cir. 1980). Based upon the facts of this case, the Court cannot say that Plaintiff's appeal was frivolous, unreasonable or without foundation. Defendant is not entitled to attorneys' fees as the prevailing Defendant.

## II.

### DEFENDANT'S CLAIM AS PREVAILING COUNTERCLAIMANT

 Defendant is, however, entitled to attorneys' fees as the prevailing party on her counterclaim.

Through settlement negotiations after the filing of the Defendant's counterclaim, the D.O.E. agreed to pay for Laura's tuition at ASSETS. Shortly thereafter, Defendant voluntarily dismissed without prejudice her counterclaim against the D.O.E. for the tuition payment.

In *Gagne v. Maher*, 594 F.2d 336 (2nd Cir. 1979), aff'd 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the Court held that the fact that a civil rights complainant prevailed by way of settlement rather than after litigation did not preclude a claim for attorneys' fees as "prevailing party" within the meaning of 42 U.S.C. § 1988. In addition, the test of whether a person is a prevailing party within the meaning of § 1988 is whether he essentially succeeds in obtaining the relief he seeks in his claim on the merits. The fact that the action was dismissed makes no difference. *Morrison v. Ayoob*, 627 F.2d 669 (3rd Cir. 1980).

Since a voluntary dismissal normally and necessarily follows upon a settlement of the matter at issue, the fact that the cause of action was voluntarily dismissed does not preclude counterclaimants from being the prevailing parties. *Maher, supra.*

## III.

### DEFENDANT'S CLAIM FOR FEES RESULTING FROM ADMINISTRATIVE HEARING

 The Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988, provides that "[i]n any action or proceeding to enforce a provision of Section...1983..., the Court, in its discretion, may allow the prevailing party... a reasonable attorney's fee as part of the costs."

In *New York Gaslight Club v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), the Supreme Court held that Federal Court action may be brought to recover an award of attorney's fees for work done by the prevailing complainant in state administrative and judicial proceedings to which complainant was referred pursuant to provisions of Title VII of the Civil Rights Act of 1964. The Court's reasoning was that Title VII established a comprehensive scheme of interrelated and complementary state and federal enforcement proceedings which allows an aggrieved person to seek redress initially at the State level and recourse to the federal level if complete relief is not afforded at the State level. The Court held that "action or proceeding" as used in Title VII included State administrative and judicial proceedings. *Id.* at 63–66, 100 S.Ct. at 2030–2032.

Public Law 92–142 (E.A.H.C.A.) likewise establishes a comprehensive enforcement scheme designed to provide handicapped children an equal educational opportunity. It requires an aggrieved person to seek redress at the State level and recourse may thereafter be had to either the State or Federal Court. The "action or proceeding" language of § 1988 will be given the same interpretation as that of § 706(k) of Title VII since there is "no reason for applying a less stringent standard" for § 1988 action. *Hughes v. Rowe, supra.*

There is no question that Defendant was the prevailing party at the administrative hearing and, therefore, will be awarded attorneys' fees for the work performed in conjunction with the hearing and the State judicial proceeding.

## IV.

### CALCULATION OF FEES

In accordance with the guidelines established for attorney's fees in this jurisdiction, the Court finds the Ninety Dollars ($90.00) an hour requested by Ms. Floyd and One Hundred Twenty-Five Dollars ($125.00) an hour for Mr. Alston to be reasonable, and the Twenty-Five Dollars ($25.00) an hour rate for the paralegal also to be reasonable. In further accordance with this Court's de-

cision that Defendant is not the "prevailing party" in this action, the Court will deduct from Defendant's claim that portion fairly attributable to defense of this case. The Court finds the following items should be deducted based upon a close scrutiny of the docket sheets, the files and Defendant's fee request:

| DATE | ATTORNEY | DESCRIPTION | TIME |
|------|----------|-------------|------|
| 02/11/80 | Floyd | Draft memorandum in opposition to stay | .8 |
| 02/14/80 | Floyd | Telephone conversation with client; prepare affidavit; telephone conversation to ASSETS re tuition | .5 |
| 02/15/80 | Floyd | Draft affidavit | .2 |
| 02/18/80 | Floyd | Prepare answer | .6 |
| 02/20/80 | Floyd | Telephone conversation with ASSETS re tuition; meet with client re affidavit in opposition to stay | .6 |
| 02/21/80 | Floyd | Read new pleadings | .4 |
| 03/10/80 | Floyd | Telephone conversation with client re strategy and status | .2 |
| 03/18/80 | Floyd | Draft memorandum in support of motion to dismiss; meet with Karen Radius and Norman Lau | 1.0 |
| 04/04/80 | Floyd | Review file | .2 |
| 04/09/80 | Floyd | Draft statement of readiness | .2 |
| 04/15/80 | Floyd | Telephone conversation with client re status; research res judicata; costs | .9 |
| 04/28/80 | Floyd | Draft motion to dismiss | .7 |
| 04/29/80 | Floyd | Research res judicata | .3 |
| 05/11/80 | Floyd | Motion to dismiss | 3.0 |

| | | | |
|---|---|---|---|
| 05/12/80 | Floyd | Motion to dismiss | .6 |
| 05/13/80 | Floyd | Draft motion to dismiss | .2 |
| 05/27/80 | Floyd | Telephone conversation with Ms. Radius re motion to dismiss | .2 |
| 05/29/80 | Floyd | Draft letter to Mr. Ching | .3 |
| 06/02/80 | Floyd | Telephone conversation with client | .3 |
| 06/23/80 | Floyd | Telephone conversation with client re offer | .2 |
| 06/26/80 | Floyd | Draft letter to Mr. Ching | .3 |
| 08/08/80 | Floyd | Telephone conversation with Ms. Radius | .2 |
| 08/12/80 | Floyd | Draft letter to Mr. Ching re record | .2 |
| 08/16/80 | Floyd | Memorandum | 2.5 |
| 08/22/80 | Floyd | Revise motion to dismiss | .7 |
| 08/25/80 | Floyd | Memorandum | .3 |
| 08/26/80 | Floyd | Revise memorandum | .4 |
| 08/27/80 | Floyd | Memorandum | .3 |
| 09/17/80 | Floyd | Letter to client; read letter from Mr. Ching | .4 |
| 09/19/80 | Floyd | Draft letter to Mr. Ching telephone conversation with client | .4 |
| 10/14/80 | Floyd | Review attorneys' fees issue | .4 |
| 10/17/80 | Floyd | Letter to client; letter to Mr. Ching; read Mr. Ching's letter | .6 |
| 10/22/80 | Floyd | Telephone conversation with client re settlement offer | .3 |

| | | | |
|---|---|---|---|
| 10/23/80 | Floyd | Draft letter to Mr. Ching re settlement | .3 |
| 10/27/80 | Floyd | Draft motion for protective order and ex. parte motion; proof documents | 1.8 |
| 10/28/80 | Floyd | Read memorandum by Defendants | .5 |
| 10/29/80 | Floyd | Hearing on motion for protective order | 1.2 |
| 10/29/80 | Alston | Conference with Ms. Floyd re discovery motions | .2 |
| 01/12/81 | Floyd | Read and answer interrogatories | .6 |
| 01/29/81 | Floyd | Telephone conversation with Mr. Ching re deposition; draft letter to client, answer interrogatories | .5 |
| 01/30/81 | Floyd | Read letter from Mr. Ching | .2 |
| 02/05/81 | Floyd | Telephone conversation with client re deposition | .5 |
| 02/18/81 | Floyd | Draft letter to Mr. Ching re deposition | .4 |
| 02/19/81 | Paris Paralegal | Review file; prepare request; conference with Ms. Floyd re document request update | 1.9 |
| 02/20/81 | Floyd | Read Monahan | .3 |
| 02/23/81 | Floyd | Prepare motion for protective order; telephone conversation with Mr. Ching; telephone conversation with court clerk | 2.0 |
| 02/24/81 | Floyd | Telephone conversation with clerk's office; hearing on motion for protective order | 1.2 |
| 03/03/81 | Floyd | Draft appeal | 2.0 |
| 03/23/81 | Floyd | Read DOE's memorandum in opposition; draft reply memorandum | .5 |

The above listing indicates 29.1 hours at Ninety Dollars ($90.00) per hour for Ms. Floyd, a deduction of Two Thousand Six Hundred Nineteen Dollars ($2,619.00); 1.4 hours at One Hundred Twenty-Five Dollars ($125.00) per hour for Mr. Alston, a deduction of One Hundred Seventy-Five Dollars ($175.00); and 1.9 hours at Twenty-Five Dollars ($25.00) per hour for the paralegal, a deduction of Forty-Seven Dollars and Fifty Cents ($47.50). Deducting the total of these, Two Thousand Eight Hundred Forty-One Dollars and Fifty Cents ($2,841.50), from the amount claimed in the affidavit attached to the Motion for Attorneys' Fees leaves a balance of Two Thousand Six Hundred Eighty-Five Dollars ($2,685.00), which is hereby awarded to Defense Counsel. The Court finds the time and amounts set forth in Defendant's Second Supplemental Memorandum to be reasonable. The amounts to be awarded, therefore, are as follows:

```
Per Supplemental Memorandum: $2,685.00

Per Second Supplemental Memorandum: 842.40
 $3,527.40
 4% State Tax: 141.10
 Total: $3,668.50
```

Defendant's Motion for Attorneys' Fees is, therefore, *GRANTED* and Attorneys' Fees are hereby awarded in the amount of Three Thousand Six Hundred Sixty-Eight Dollars and Fifty Cents ($3,668.50) as compensation with regard to the State administrative and judicial proceedings and the counterclaim in this proceeding.