Mare NOE and John Noe, a minor by his mother, Mary Noe, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Gordon AMBACH, individually and in his capacity as the Commissioner of Education of the State of New York; the Board of Education of the City of New York; Joseph G. Barkan, individually and in his capacity as President of the Board of Education of the City of New York; James F. Regan, Miguel O. Martinez, Irene Impellizzeri, Amelia Ashe, Robert J. Christen, Marjorie Lewis, individually, and in their capacity as members of the Board of Education of the City of New York; Gerry Gross, individually and in his capacity as Executive Director of the Division of Special Education, Defendants.

No. 80 Civ. 5212 (WCC).

United States District Court, S. D. New York.

June 30, 1982.

---

Jeffrey D. Robertson, New York City, for plaintiff in Administrative Proceedings, Frederick A. O. Schwarz, Jr., Corp. Counsel for the City of N. Y., New York City, for City defendants; Stephen P. Kramer, Susan R. Rosenberg, New York City, Asst. Corp. Counsels, of counsel.

Robert D. Stone, Albany, for State Defendants New York State Educ. Dept.; Paul E. Sherman, Albany, N. Y., of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiffs Mary Noe and her son, John Noe, commenced this action against various New York State and New York City officials under the Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. § 1401, *et seq.*, the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, *et seq.*, and 42 U.S.C. § 1983. Plaintiffs sought certain educational services and related psychological services for John Noe, who has certain psychological disabilities. Following a denial of plaintiffs' motion for certification of a class under Rule 23, F.R.Civ.P., the action was settled by stipulation dated November 25, 1981.

Presently before the Court is the motion of plaintiffs for an award of attorney's fees pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 794a(b) for the efforts of Jeffrey D. Robertson, Esq. ("Robertson"). Robertson did not represent plaintiffs before this Court; rather, he represented plaintiffs at certain state administrative proceedings which must be pursued prior to the bringing of any court action under the EAHCA. It is not disputed that plaintiffs are the prevailing parties within the meaning of 42 U.S.C. § 1988 and 29 U.S.C. § 794a(b). The sole issue is whether, under these circumstances, those statutes authorize the award of attorney's fees incurred solely in connection with state administrative proceedings.[1]

---

1. The question of plaintiffs' entitlement to attorney's fees for the prosecution of this action before this Court (by attorneys other than Robertson) is not at issue here. Thus, for convenience, this motion will hereafter be referred to as Robertson's motion for attorney's fees.

## DISCUSSION

■ Robertson seeks attorney's fees under three alternative theories. First, he seeks fees directly under the EAHCA. Second, he seeks fees under Section 794a(b) of the RA. Finally, he seeks fees under 42 U.S.C. § 1988, based on the Section 1983 claim, alleging that defendants, acting under color of state law, deprived plaintiffs of their rights under the EAHCA. For the reasons which follow, each of these theories is rejected.

### EAHCA

"Under the American Rule it is well-established that attorney's fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters & Joiners of America,* —— U.S. ——, ——, 102 S.Ct. 2112, 2114–15, 72 L.Ed.2d 511 (1982), quoting from *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717, 87 S.Ct. 1404, 1406, 18 L.Ed.2d 475 (1967). The EAHCA, while requiring that state administrative remedies be exhausted before filing suit in state or federal court, see 20 U.S.C. § 1415, makes no provisions for the award of attorney's fees. *Hymes v. Harnett County Board of Education,* 664 F.2d 410, 412 (4th Cir. 1981) (*reh'g denied,* January 7, 1982). Accordingly, Robertson is not entitled to attorney's fees under the EAHCA.

### Rehabilitation Act

The RA does specifically provide for an award of attorney's fees to the prevailing party in an action to enforce provisions contained therein. See 29 U.S.C. § 794a(b). However, unlike the EAHCA, exhaustion of state administrative remedies before bringing a court action is not required by the RA.[2]

In view of the foregoing, Robertson is not entitled to receive attorney's fees under Section 794a(b). He represented plaintiffs only in state administrative proceedings conducted pursuant to 20 U.S.C. § 1415 of the EAHCA and only to enforce provisions of the EAHCA. No rights under the RA were litigated in the state proceedings which were not prerequisite to an action in this Court under the RA. Robertson was not involved in the action before this Court, which raised a claim under the RA for the first time.

### Section 1988

Robertson also seeks attorney's fees under 42 U.S.C. § 1988, which provides for an award of such fees to a prevailing party in an action to enforce a provision of 42 U.S.C. § 1983. He argues that the state administrative proceedings under the EAHCA were brought to remedy a deprivation of rights, under color of state law, and thus constituted the basis of plaintiffs' Section 1983 action in this Court. There are, however, several recent Supreme Court and Circuit Court of Appeals decisions which clearly indicate the contrary.

In *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the Supreme Court held that violation of a federal statute could be the basis of an action under Section 1983, and that a prevailing plaintiff in such an action may recover attorney's fees under Section 1988. In two subsequent decisions, however, the Supreme Court enunciated two exceptions to its holding in *Thiboutot,* only the first of which is relevant here. "When remedial devices provided in a particular act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981). See

---

2. No statute requires, and no court has held, that a plaintiff must exhaust state administrative remedies required by 20 U.S.C. § 1415 of the EAHCA before bringing a claim under the RA. A different and separate issue is whether a plaintiff must exhaust federal administrative remedies available for a claim under the RA before filing suit. This issue, however, does not affect the instant motion because the state administrative proceedings were conducted exclusively pursuant to the EAHCA, and are not even arguably the same as federal administrative remedies available for RA claims.

also *Pennhurst State School and Hospital, et al. v. Halderman, et al.*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981); *Uniformed Firefighters Association v. City of New York*, 676 F.2d 20 (2d Cir. 1982). The inquiry in *National Sea Clammers*, which involved the Federal Water Pollution Control Act and the Marine Protection, Research and Sanctuaries Act of 1972, focused on whether Congress had intended to foreclose a private right of action under Section 1983 by including comprehensive enforcement mechanisms in these two acts.

■■■ In view of the express authorization for a private right of action in the EAHCA, as well as the comprehensive scheme of state administrative proceedings contained in 20 U.S.C. § 1415 of that Act, it is clear Congress has indicated that a violation of the EAHCA may not be the basis of an action under Section 1983. *E.g., Anderson v. Thompson*, 658 F.2d 1205, 1215 (7th Cir. 1981). The latter action would be, at least in the circumstances of this case, entirely redundant of the EAHCA cause of action, and would serve "no purpose other than that of a conduit for attorney's fees." *Tatro v. State of Texas*, 516 F.Supp. 968, 984 (N.D.Tex.1981). To permit resort to Section 1983 solely to obtain attorney's fees would be inconsistent with Congress' omission of such a provision from the EAHCA. Thus, where "section 1983 has no greater role than the statute it purportedly enforces, its citation will not trigger the § 1988 attorney fee provision." *Id.* Accordingly, this Court will not allow Robertson to circumvent the absence of a provision permitting recovery of attorney's fees in the EAHCA by merely invoking Section 1983. See *Hymes, supra*, 664 F.2d 410; *Anderson v. Thompson, supra*, 658 F.2d 1205; *Ruth Anne M. v. Alvin Independent School District, et al.*, 532 F.Supp. 460 (S.D.Tex.1982); *Tatro, supra*, 516 F.Supp. 968 (awarding attorney's fees under Section 794a(b) of the RA, but not under Section 1988).

**3.** To the extent this Court's ruling is inconsistent with *Department of Education v. Valenzuela*, 524 F.Supp. 261 (D.Hawaii 1981) or *Mattie T. v. Holladay*, 522 F.Supp. 72 (N.D.Miss.1981), I respectfully disagree. Neither of these two

Robertson's reliance on the Second Circuit's recent decision in *Jose P. v. Ambach*, 669 F.2d 865 (2d Cir. 1982), to support his request for attorney's fees under Section 1988 is misplaced. While the Court in *Jose P.* did award attorney's fees to plaintiffs who successfully settled claims under the EAHCA, the RA and assertedly also Section 1983, the Court indicated in a footnote that the question of the viability of a Section 1983 claim for violation of rights under the EAHCA was a question it did not have to reach, since the plaintiffs under the circumstances of that case were entitled to an award of their attorney's fees under the RA in any event. See *id.* at 871 n.4. Thus, *Jose P.* is not inconsistent with this decision and the decisions of other courts upon which this Court relies.[3]

This Court thus finds no relevant authority supporting Robertson's request for attorney's fees under Section 1988.

*Conclusion*

For the above-stated reasons, Robertson's motion for attorney's fees is denied.

SO ORDERED.

decisions addressed the question of the viability of a Section 1983 action for alleged deprivation of rights provided by the EAHCA or the impact of the Supreme Court's decision in *National Sea Clammers* on that question.