**MEMBERS OF THE BRIDGEPORT HOUSING AUTHORITY POLICE, et al., Plaintiffs,**

v.

**CITY OF BRIDGEPORT, et al., Defendants.**

Civ. No. B–77–130.

United States District Court, D. Connecticut.

Nov. 18, 1982.

Opinion on Second Ruling on Application for Attorney's Fees May 31, 1983.

David N. Rosen, Rosen & Dolan, P.C., New Haven, Conn., for plaintiffs.

Thomas K. Jackson, Cheryl A. Rodriguez, Bridgeport, Conn., for defendants.

## RULING ON APPLICATION FOR AWARD OF ATTORNEY'S FEE AND COSTS

DALY, Chief Judge.

Plaintiffs brought this action alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985; Title VII of the Civil Rights Act of 1964; the Demonstration Cities and Metropolitan Development Program (Model Cities Act), 42 U.S.C. § 3301 *et seq.;* and the Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801–999. Although initially prevailing against the City of Bridgeport in this court on the Title VII, § 1981, § 1983, Model Cities Act, and CETA claims, *see Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 85 F.R.D. 624 (D.Conn.1980), plaintiffs ultimately prevailed only on a violation of the Model Cities Act. *Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 646 F.2d 55, 62 (2d Cir.) *cert. denied* 454 U.S. 897, 102 S.Ct. 397, 70 L.Ed.2d 213 (1981). The issue presently before the court is whether the victory ultimately realized establishes that plaintiffs are entitled, as a "prevailing party" under 42 U.S.C. § 1988, to a reasonable attorney's fee as part of costs in this litigation.

Section 1988 of Title 42 of the United States Code provides that, in actions brought pursuant to certain designated statutes, the court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." A party is not required to prevail on all claims to come under the purview of "prevailing party" within the meaning of the statute. *United States v. Board of Ed.,* 605 F.2d 573, 576 (2d Cir.1979)

(discussing § 1988 standard); *Busche v. Burkee,* 649 F.2d 509, 520–21 (7th Cir.) *cert. denied* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Further, it has been held to be sufficient that a plaintiff "succeed on any significant issue in the litigation which achieves some sort of benefit the parties sought in bringing the suit." *See United States v. Board of Ed.,* 605 F.2d 573, 576 (2d Cir.1979) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)); *Busche v. Burkee,* 649 F.2d 509, 521 (7th Cir.1981). "[O]nce it has been determined that plaintiff obtained benefits for the class . . . , plaintiff is the 'prevailing party' within the meaning of the statute." *Gagne v. Maher,* 594 F.2d 336, 340 (2d Cir.1979) (involving consent decree) *aff'd* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). As a result of the legislative intent, courts have liberally construed the "prevailing party" language of the statute. "Prevailing party" status has even been afforded intervenor plaintiffs who lost their individual claims but nevertheless established a probable classwide violation. *Davis v. Board of School Comm'rs,* 600 F.2d 470, 475 (5th Cir. 1979). This court is guided by the above-noted interpretations of § 1988 in finding that plaintiffs are indeed prevailing parties in this litigation.

Plaintiffs in the instant case prevailed by establishing that the City of Bridgeport violated their rights under the Model Cities Act. *Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 646 F.2d 55, 62 (2d Cir.1981). As a remedy for this violation, the members of the Housing Authority Police were given civil service status. *Id.* at 63. This court is of the opinion that this success is a benefit for the class sufficient to find that plaintiffs are a "prevailing party" within the meaning of the statute. Stated in another way, the victory on the Model Cities Act question and the awarding of civil service status as a remedy is a success on a sufficiently important issue that achieves some sort of benefit sought in bringing the action. Thus, with respect to both the extent that plaintiffs prevailed and the remedy obtained, plaintiffs constitute a "prevailing

party" within the meaning of 42 U.S.C. § 1988.

The City of Bridgeport, however, argues that plaintiffs are not "prevailing parties" on two other grounds. First, plaintiffs prevailed on the Model Cities Act, a statute that is not one of the designated statutes to which an attorney's fee award applies. *See* 42 U.S.C. § 1988. Second, even if the Model Cities Act claim can be viewed as having been brought under § 1983, *see Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), its citation does not trigger an attorney's fee award under § 1988 "where § 1983 has no greater role than the statute which it purportedly 'enforces.'" *Tatro v. Texas,* 516 F.Supp. 968, 984 (N.D.Tex.1981); *Noe v. Ambach,* 542 F.Supp. 70, 72 (S.D.N.Y.1982) (citing *Tatro* ).

■ Addressing the former contention first, the court notes that this was answered by the decision of the Court of Appeals in this matter. The Court there found that plaintiffs had a private right of action under 42 U.S.C. § 1983 to enforce rights under the Model Cities Act. *Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 646 F.2d 55, 62 (2d Cir.1981). Thus, plaintiffs' method of prevailing in this case was under § 1983 and accordingly plaintiffs' action comes within the list of statutes for which § 1988 permits an attorney's fee award.

In addressing the City's second contention and based upon the opinion of the Court of Appeals, it cannot be said that § 1983 played "no role but that of allowing attorney fees" in this case. *Tatro v. Texas,* 516 F.Supp. 968, 984 (N.D.Tex.1981). This court had determined, under the guidelines of *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), that plaintiffs had a private right of action that was implied from the Model Cities Act. *Members of the Bridgeport Housing Authority*

*Police v. City of Bridgeport,* 85 F.R.D. 624, 632–34 (D.Conn.1980). On appeal, however, the Court of Appeals chose not to decide whether a private right of action can be inferred from the Model Cities Act, but rather based the private right of action squarely on § 1983, relying on *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). *Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 646 F.2d 55, 62 (2d Cir.1981). The Court of Appeals decided, and it is now the law of the case, that plaintiffs had a right secured under the Model Cities Act that was remediable through § 1983. Thus, § 1983 was the basis for the private right of action and was not solely limited to triggering an attorney's fee award under § 1988.

■ Supreme Court decisions subsequent to both *Maine v. Thiboutot* and the decision of the Court of Appeals in this matter, suggest only two limitations to the rule that § 1983 can be the vehicle for private persons to enforce rights under a federal statute.[1] These limitations are (1) where Congress has foreclosed a § 1983 remedy through sufficiently comprehensive remedial devices in the statute at issue and (2) where the statute at issue does not create "rights" enforceable under § 1983. *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981); *see Pennhurst State School & Hosp. v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981); *Miener v. Missouri,* 673 F.2d 969, 976 (8th Cir.1982). Dealing with the latter limitation first and as noted above, the Court of Appeals found that plaintiffs were denied "a right secured by a federal statute," *i.e.* the Model Cities Act. *Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 646 F.2d 55, 62 (2d Cir.1981).

---

1. Section 1983 is a procedural remedial statute which does not provide for any substantive rights. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979). The fact that § 1983 extends to federal statutory violations under the decision of *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), does not alter its character nor allow it to become the source of substantive rights. *See Id.* (dictum); *Miener v. Missouri,* 673 F.2d 969, 976 n. 6 (8th Cir.1982).

■ With respect to the comprehensive remedial devices issue, the question is essentially one of legislative intent. *Ruth Anne M. v. Alvin Indep. School Dist.,* 532 F.Supp. 460, 474 (S.D.Tex.1982). "When the remedial devices provided in a particular act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981). Courts recently addressing the issue that have found sufficiently comprehensive remedial devices evidencing an exclusive congressional intent, have not permitted accompanying § 1983 claims to stand. *See Anderson v. Thompson,* 658 F.2d 1205, 1214–17 (7th Cir.1981) (Education for All Handicapped Children Act [EAHCA], 20 U.S.C. §§ 1401 *et seq.*); *Noe v. Ambach,* 542 F.Supp. 70, 72–73 (S.D.N.Y.1982) (EAHCA); *Turillo v. Tyson,* 535 F.Supp. 577, 580–81 (D.R.I.1982) (EAHCA); *Ruth Anne M. v. Alvin Indep. School Dist.,* 532 F.Supp. 460, 473 (S.D.Tex.1982) (EAHCA). Conversely, courts which have found this exclusive congressional intent to be absent, have allowed accompanying § 1983 claims to proceed. *See Spanish American Coalition v. Connecticut Dept. of Ed.,* No. B–81–173, slip op. at 6 (D.Conn. March 30, 1982) (Burns, J.) (Equal Educational Opportunity Act, 20 U.S.C. § 1701 *et seq.*); *Consortium of Community Based Org. v. Donavan,* 530 F.Supp. 520, 536–39 (E.D.Cal.1982) (CETA). An important factor in finding a legislative intent to have the remedial devices in an act be the exclusive remedies for violations of that act, is when the statute itself contains an express private right of action. *Anderson v. Thompson,* 658 F.2d 1205, 1215 (7th Cir.1981); *Noe v. Ambach,* 542 F.Supp. 70, 73 (S.D.N.Y.1982); *Ruth Anne M. v. Alvin Indep. School Dist.,* 532 F.Supp. 460, 474 (S.D.Tex.1982).

■ In the instant case, the Model Cities Act, by its terms, provides no express private right of action. That situation forced this court to initially reach the issue of whether there was an implied private right of action under the Model Cities Act.

*Members of the Bridgeport Housing Authority Police v. City of Bridgeport,* 85 F.R.D. 624, 632–34 (D.Conn.1980). Further, the Model Cities Act clearly lacks a sufficiently comprehensive remedial scheme that would evidence a congressional intent to preclude a § 1983 suit as a remedy for its violation. Therefore, this court cannot find that the second limitation to the rule of *Maine v. Thiboutot* has any application to this action.

Based on the foregoing, this court finds that the plaintiffs come within the meaning of the term "prevailing party" under 42 U.S.C. § 1988.

Having determined that plaintiffs are "prevailing parties" under § 1988, this court must now decide whether plaintiffs are entitled to an attorney's fee award under that statute. Section 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of costs." 42 U.S.C. § 1988. This court notes, however, that the "latitude afforded trial courts in exercising that discretion is narrowed by a presumption that successful civil rights litigants should recover an attorney's fee unless special circumstances would render such an award unjust." *Kerr v. Quinn,* 692 F.2d 875, 877 (2d Cir.1982); *see New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 68, 100 S.Ct. 2024, 2033, 64 L.Ed.2d 723 (1980).

In *Kerr,* the Court of Appeals established a two-step process for deciding whether a prevailing party is entitled to or can be denied an attorney's fee award under § 1988. The first step requires the court to determine whether "the plaintiff's claim was so strong on the merits and so likely to result in a substantial judgment that counsel in similar cases could be easily and readily retained." *Kerr v. Quinn,* 692 F.2d 875 at 877 (2d Cir.1982). This determination must be made viewing the "posture of the case at the time counsel is sought," and considering the "likely response of the bar" rather than the Judge's personal view of the merits. *Id.* Only when the court has determined that plaintiff's claim meets this

stringent standard, can the court proceed to the second step and exercise discretion to deny an award. *Id.* In this second phase, the court must decide "whether, in light of all the circumstances and the size of the recovery, an award of [an attorney's fee] might work an injustice." *Id.* at 878.

■ In the case at bar, the court need not proceed beyond the first step. Viewing this case in the posture it had when counsel was sought and considering the likely response of attorneys who generally take such cases, this court is unable to find that the "claim was so strong on the merits and so likely to result in a substantial judgment that counsel in similar cases could be easily and readily retained." *Id.* at 877. The court here need only mention that the case was not "so likely to result in a substantial judgment that counsel in similar cases would be easily and readily retained." In this case, plaintiffs sought relief affording full seniority, promotions, civil service status, and, generally, terms and conditions of employment equal to those of the Bridgeport Police Department. While plaintiffs also prayed for damages in the amount warranted by the evidence, and for punitive damages, this was clearly not the central focus of the plaintiff's claim and there was an insufficient likelihood of a substantial judgment in damages. Therefore, this court is not permitted to reach the issue of whether to exercise discretion to deny the plaintiffs an attorney's fee award in this matter.[2] Accordingly, plaintiffs are entitled to such an award under § 1988.

## SECOND RULING ON APPLICATION FOR ATTORNEY'S FEES

This Court has previously ruled that plaintiffs are entitled to a reasonable attorney's fee as prevailing parties in this matter. - *See Members of the Bridgeport Hous-ing Authority Police v. City of Bridgeport,* Civ. No. B–77–130 (D.Conn. November 17, 1982). As the only issue then before the Court was entitlement, the Court did not determine the fee award. The City of Bridgeport now argues that the recent case of *McCann v. Coughlin,* 698 F.2d 112 (2d Cir.1983), requires that this Court award fees only to the extent that the portion of the requested fees relate to the claim upon which the plaintiffs ultimately prevailed. The plaintiffs argue that *McCann* does not require less than a full attorney's fee award in this case.

The *McCann* decision is the first instance where the Court of Appeals of this Circuit has allowed the reduction of a reasonable attorney's fee on the basis that the "prevailing party" did not prevail on all claims pleaded in the litigation. While decisions in other Circuits have limited fee awards to time expended on the victorious claims, *see e.g. Nadeau v. Helgemoe,* 581 F.2d 275, 279 (1st Cir.1978), this Circuit had declined to so limit fee awards. *See McCann, supra,* at 129 & n. 16. Although the *McCann* Court did establish that attorney's fee awards could be limited in this manner, the decision carefully restricts the circumstances under which this could properly be done by the District Court.[1]

The *McCann* Court was presented with the situation where the plaintiff had joined two claims, each of which complained of entirely independent courses of conduct. *McCann's* first claim of his § 1983 action asserted that his Eighth Amendment rights had been violated by the defendants' failure to provide appropriate medical care in response to his complaints concerning an injury to his back. The second claim charged that the defendants violated his right to due process and imposed excessive sanctions in the context of a disciplinary hearing.

---

2. Even if this issue were reached, there are no special circumstances in this case that would render an award of a reasonable attorney's fee unjust.

1. In a similar vein, in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court recently held that, under certain conditions, "the hours spent on ... unsuccessful claim[s] should be excluded in considering the amount of a reasonable [attorney's] fee" award. *Id.* at ——, 103 S.Ct. at 1943. This would be proper only when an unsuccessful claim is "distinct in all respects" from the successful claim or claims. *Id.*

These two claims were entirely distinct, complaining of two separate practices or courses of conduct. It was based on this clear separability of the two claims that the *McCann* Court held that the District Court should have declined to award fees that related to the unsuccessful claim. *McCann, supra,* at 129–30.[2]

The Court in *McCann,* in light of the policy underlying the attorney's fee statute, determined that District Judges can not deny a fee award on an ultimately unsuccessful claim where that claim was "not clearly divisible" from the successful claim. *McCann, supra,* at 130. Thus, the Court stated that where different claims, each based upon different theories of law, challenge a single procedure or practice, it would be inappropriate for a District Judge to refuse to award a reasonable attorney's fee for the labor related to an unsuccessful claim where one claim was successful.[3] *McCann, supra,* at 130.

█ This Court is of the opinion that the unsuccessful claims in this case are not "clearly divisible" from the successful claim, and thus any reduction of an attorney's fee award under *McCann* is improper. In this case, the plaintiffs challenged the City's refusal to afford to the Bridgeport Housing Authority Police the full rights, status and benefits that the City afforded the Bridgeport Police Department. It was this practice or course of conduct that the plaintiffs called into question on various theories, with success at the District Court level on the claims alleging violation of Title VII; 42 U.S.C. § 1981; 42 U.S.C. § 1983; the Demonstration Cities and Metropolitan Development Program (Model Cities Act), 42 U.S.C. § 3301 *et seq.;* and the Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801–999. While the plaintiffs ultimately prevailed in the Court of Appeals only on the Model Cities Act claim, the relatedness of the claims remains unaltered, as the City's actions denying to plaintiffs certain terms and conditions of employment formed the basis of each claim. That some unsuccessful theories challenging the City's course of conduct alleged that the actions were taken with racial animus,[4] while the prevailing claim did not include such an allegation, does not make the unsuccessful claims "clearly divisible" from the successful claim within the meaning of *McCann.* To determine whether claims are "clearly divisible" under *McCann,* the Court must focus its inquiry on the course of conduct complained of in each claim, even assuming the separability of or dissimilarities between the theories upon which that course of conduct is challenged.[5] *McCann, supra,* at 130. Ex-

2. It appears to this Court that the *McCann* Court was presented with "distinctly different claims for relief" within the meaning of the *Hensley* decision. *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1940. The *Hensley* Court felt that the congressional intent underlying the attorney's fee statute prescribed that such "unrelated claims be treated as if they had been raised in separate lawsuits." *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1940. That is essentially what the Court of Appeals did in *McCann* where the claims were "clearly divisible." 698 F.2d 112, 129–30 (2d Cir.1983). In this Court's view, as discussed *infra,* the case at bar does not present such a situation.

3. *Hensley v. Eckerhart, supra,* note 1, is not to the contrary. *See* note 6, *infra.*

4. The CETA claim did not involve an allegation that actions were taken with discriminatory intent, while the other ultimately unsuccessful claims did include such allegations.

5. Consistent with the *McCann* Court's treatment of "clearly divisible," the *Hensley* Court required more than claims having been brought on different legal theories for these claims to be considered "distinctly different." Such "distinctly different" claims are those that are based on *different facts and legal theories." Hensley v. Eckerhart,* —— U.S. at ——, 103 S.Ct. at 1940 (emphasis supplied). Thus if claims are based on a "common core of facts," *Hensley v. Eckerhart,* —— U.S. at ——, 103 S.Ct. at 1940, an unsuccessful claim would not be *distinct in all respects* from a successful claim, *Hensley v. Eckerhart,* —— U.S. at ——, 103 S.Ct. at 1942, despite the different legal theories upon which the claims are asserted. Accordingly, under *Hensley,* as well as under *McCann,* where the claims are not sufficiently "distinct" or "divisible" because of the related facts underlying or constituting the challenged conduct, the difference in legal theories between the claims does not allow the District Court to exclude the hours spent on an unsuccessful claim in considering the amount of a

amined in this way, the Court finds that the unsuccessful claims are not "clearly divisible" from the successful claim.

Based on the foregoing, the Court reaffirms its earlier ruling that plaintiffs, as prevailing parties, are entitled to an award of a reasonable attorney's fee, and further rules that no reduction of the fee award is appropriate under *McCann v. Coughlin*. The Court does note, however, that the plaintiffs in this action ultimately were not awarded the full scope of relief originally sought in the complaint. In the recent decision in *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court directed that District Court Judges "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation" in calculating a reasonable attorney's fee. *Id.* at ——, 103 S.Ct. at 1940. Thus, where a lawsuit is composed of both successful and unsuccessful *related* claims, as this Court holds is the situation in the case at bar, "the District Court should award only that amount of fees that is reasonable in relation to the results obtained."[6] *Id.* at ——, 103 S.Ct. at 1943. The parties to this action, in submitting the necessary papers for the Court to determine what a reasonable attorney's fee in this case would be, should address the relationship between the extent of success achieved and the amount of a reasonable attorney's fee award.

It is So Ordered.

reasonable fee. *Hensley v. Eckerhart, supra,* note 1, at ——; 103 S.Ct. at 1940–43; *McCann v. Coughlin,* 698 F.2d 112, 130 (2d Cir.1983).

6. The *Hensley* Court made it clear that there is a two-step process that the District Court should follow in determining a fee award where the plaintiff has not obtained the full relief sought. First, the Court should determine if the plaintiffs were unsuccessful on any claim that is unrelated to, i.e. "distinctly different" from, all successful claims. *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1940. If so, the Court should not consider, in its determination of a reasonable fee, the hours expended on any such unsuccessful and unrelated claim. *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1943. Second, if there are no such unsuccessful and unrelated claims,

but plaintiffs were unsuccessful on a claim or claims related to a successful claim, the Court must determine what is a reasonable attorney's fee in relation to the results obtained. *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1943. The *Hensley* Court noted that in such situations, a fee based upon "the product of hours reasonably expended on the litigation *as a whole* times a reasonable hourly rate *may* be an excessive amount." *Hensley v. Eckerhart, supra,* note 1, at ——, 103 S.Ct. at 1941 (emphasis supplied). However, a fee based on this multiplication *may not* be excessive. In any event, the Court must consider the labor expended on unsuccessful but related claims, while evaluating the importance of the overall relief obtained, in arriving upon a reasonable fee award.