[Civ. No. 30349. Fourth Dist., Div. Three. June 29, 1984.]

KIM D. BYRNES, Plaintiff and Appellant, v.
WILSON RILES, as Superintendent, etc., Defendant and Respondent;
CAPISTRANO UNIFIED SCHOOL DISTRICT et al.,
Real Parties in Interest and Appellants.

**COUNSEL**

Joan K. Honeycutt and Roma V. Hall for Plaintiff and Appellant.

Walters, Bukey & Shelburne, Kronick, Moskovitz, Tiedemann & Girard and M. Mari Merchat for Real Parties in Interest and Appellants.

No appearance for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—Appellant Kim Byrnes appeals the portion of the trial court's order denying attorneys' fees. Cross-appellant Capistrano Unified School District (District) challenges the sufficiency of the evidence supporting the trial court's order and argues it should not be required to retroactively reimburse Kim for tuition in a private school.

Kim Byrnes (age 20) is severely language handicapped. He has been enrolled in the Capistrano School District since he began school. In May 1981, Kim's parents met with District representatives in an attempt to establish an individualized education program (IEP) acceptable to both Kim's parents and the District. After unsuccessful mediation an administrative hearing was

held to resolve their disagreement regarding Kim's educational program. The hearing officer ordered Kim placed in a District special day class stressing vocational readiness and survival skills with students his own age, and with speech and language therapy provided at the discretion of the therapist. In addition, the hearing officer made the following "determinations": (1) An expressive language goal is not an appropriate goal for petitioner; (2) the related services of speech and language therapy and training in the use of electronic communication devices are not appropriate related services; and, (3) the appropriate placement for petitioner is a District special day class which will provide vocational readiness and give training in survival skills.

A few weeks later, another IEP meeting was held and the District offered Kim placement in a "special day class" at a District school. Kim's parents were not pleased with this placement and chose instead to enroll Kim in a private school (Rossier Educational and Assessment Center). They then filed for a writ of administrative mandamus in the superior court. The trial court granted the writ, ruling that several of the hearing officer's findings and determinations were not supported by the record, and ordered the District to reimburse Kim for costs of tuition and transportation to Rossier since September 21, 1981. The trial court also awarded costs to Kim but denied attorneys' fees. Kim appeals the denial of attorneys' fees and the District appeals the granting of the writ. We agree with the trial court on all issues and affirm the judgment.

I

 The District first contends the judgment should be reversed because the trial court failed to specify the standard it applied in reviewing the administrative hearing officer's decision. Although the trial court did not specify the standard applied, we conclude the court applied the independent judgment standard of review. The independent judgment standard of review is required "[w]here it is claimed that the findings are not supported by the evidence, . . . [and] the court is authorized by law to exercise its independent judgment on the evidence . . . ." (Code Civ. Proc., § 1094.5, subd. (c).) The federal Education for All Handicapped Children Act (EAHCA) (20 U.S.C. § 1400 et seq.) provides for review of decisions of state education agencies in either state or federal court. (20 U.S.C. § 1415(e)(2).) "[T]he court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." (*Ibid.*) Legislative history regarding the EAHCA specifically explains the reviewing court "shall make an independent decision based on a preponderance of the evidence and shall

grant all appropriate relief." (1975 U.S. Code Cong. & Admin. News, at p. 1503.)

Because the trial court had the power to receive additional evidence, it was necessarily required to apply the independent judgment standard of review. ■ Therefore, on appeal, our role is to determine whether the trial court's findings are supported by substantial evidence. (*Roccaforte* v. *City of San Diego* (1979) 89 Cal.App.3d 877, 887 [152 Cal.Rptr. 558].) "Where a superior court is required to make . . . an independent judgment upon the record. of an administrative proceeding, the scope of review on appeal is limited. An appellate court must sustain the superior court's findings if substantial evidence supports them." (*Pasadena Unified Sch. Dist.* v. *Commission on Professional Competence* (1977) 20 Cal.3d 309, 314 [142 Cal.Rptr. 439, 572 P.2d 53].)

### A. *Determination One*

■ ■ ■■ ■ Determination one states: "An expressive language goal is not an appropriate goal for Petitioner." The trial court found the record did not support this portion of the hearing officer's decision. The trial court's finding is supported by substantial evidence.[1] Kathleen Rausch, a speech pathologist who had worked with Kim on a daily basis during the 1979-1980 school year, testified Kim was beginning to develop skills needed for an expressive language system. Although she believed Kim would not be able to develop a verbal communication system, she felt an expressive language system was a critical goal for him.

Dr. Nancy Scherer, the director of a private speech and hearing clinic, also testified expressive language was an appropriate goal for Kim. Dr. Scherer evaluated Kim in March 1981 and saw him for therapy on a regular

---

[1]The District argues the trial court's findings are not supported by substantial evidence because the findings are inconsistent. Specifically, although the trial court found that an expressive language goal *is* appropriate, the court did not also find that determination two and finding three lacked support in the record. Determination two states: "The related services of speech and language therapy and training in the use of electronic communication devices are not appropriate related services." Finding three states in part: "Petitioner has virtually no expressive language. IEP goals regarding expressive language have not been met and are not reasonable goals for Petitioner at this time."

The failure to find determination two and finding three are not supported by the record does not require reversal. "If there is any clear and sufficient finding on which a judgment may rest, it will be presumed in favor of the judgment that the court did rely on it, and inconsistencies or insufficiency of other findings will be disregarded. (Citations omitted.)" (*Mayes* v. *Sturdy Northern Sales, Inc.* (1979) 91 Cal.App.3d 69, 81 [154 Cal.Rptr. 43].) Substantial evidence supports the trial court findings regarding determination one, determination three, and finding six. Thus, according to *Mayes*, the inconsistencies can be disregarded.

basis for several months. In her opinion Kim was making slow, but consistent, progress and would benefit from speech therapy.

In addition, a summer school progress report and a letter from a licensed educational psychologist indicated that Kim had made progress in the development of expressive language skills and would benefit from additional therapy.

## B. *Determination Three*

Determination three states: "The appropriate placement for Petitioner is a District special day class which will provide vocational readiness and give training in survival skills." The trial court found this determination was not supported by the record. This finding is also supported by substantial evidence. As previously discussed, the record indicates development of communication skills is one of Kim's primary needs. The District's special day class programs, however, do not place primary emphasis on development of speech and language skills. Since the record indicates Kim needs a language based educational program which integrates speech therapy, classroom activities, and parent participation, a special day class emphasizing vocational readiness and training in survival skills is not the appropriate placement for Kim.

In addition, both Kathleen Rausch and Dr. Scherer testified Kim should be in a classroom with peers who can serve as models for him, initiate communication with him, and read what he writes. They testified the District's special classes are inappropriate because they are comprised of trainable mentally retarded students of various ages who cannot communicate with Kim.

## C. *Finding Six*

The trial court also found finding six was not supported by the record. Finding six states: "The District has a special day class for high school students with communication and other difficulties. That class has a well developed vocational program which integrates reading, math and spelling with vocational material." The record establishes the class referred to—the guidance center—has a well-developed vocational program but does not integrate reading, math, and spelling into the vocational program. Two of the District's witnesses testified the special class was for severely handicapped, physically handicapped, and trainable mentally retarded students. The District did not present evidence that Kim fell within one of these three categories or that the program integrated reading, math, or spelling. This evidence is sufficient to justify the trial court's finding.

## II

■ The District also argues the trial court erred in ordering it to reimburse Kim for tuition incurred when his parents unilaterally placed him in a private school. The EAHCA requires a state receiving federal funding for education to provide a "free appropriate public education" (20 U.S.C. § 1412(1)) for children diagnosed as having exceptional educational needs. If a public school cannot provide a "free appropriate education," the student is entitled to an appropriate education at a private school at no cost to his or her parents or guardian. (20 U.S.C. § 1413(a)(4)(B).) In order to receive reimbursement for private school tuition, however, the student must comply with the "stay put" provision which states: "During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public school program until all such proceedings have been completed." (20 U.S.C. § 1415(e)(3).)

The California provisions are analogous to the EAHCA and share the same general goal of assuring all handicapped children the right to a free appropriate public education. (See Ed. Code, § 56000.) Like the EAHCA, California law requires a public school to pay for an appropriate education in a private school if it cannot provide a free appropriate education in one of its public schools. (Ed. Code, § 56365.) The California "stay put" requirement, however, varies slightly from the federal provision. Education Code section 56505, subdivision (d) provides: "During the pendency of the *hearing proceedings,* including the actual state-level hearing, the pupil shall remain in his or her present placement unless the public agency and the parent agree otherwise." (Italics added.)

In *Newport-Mesa Unified School Dist.* v. *Hubert* (1982) 132 Cal.App.3d 724 [183 Cal.Rptr. 334], reimbursement for private school tuition was disallowed because the parents unilaterally enrolled their child in private school *before* a due process hearing was held. Although the District conceded the private school placement was the "appropriate" placement, it successfully argued noncompliance with the "stay put" provision precluded retroactive reimbursement to the parents.

In the present case, however, Kim's parents unilaterally enrolled Kim in a private school *after* the administrative proceeding was concluded. The hearing officer issued her decision on September 8, 1981; Kim was enrolled at Rossier on September 29, 1981. Although the unilateral placement of Kim at the private school before review in the state court may have been a

violation of federal law, it did not violate California law. "California law . . . appears to require the maintenance of the status quo during administrative proceedings only, despite the fact that the stated intent of the Administrative Code chapter on individual protections and due process procedural safeguards is 'to assure conformity with the [EAHCA] . . . .'" (*Newport-Mesa Unified School Dist.* v. *Hubert, supra,* 132 Cal.App.3d at p. 728, fn. 2, citing Cal. Admin. Code, tit. 5, § 3300, subd. (a); Ed. Code, § 56500.1.)

The *Newport-Mesa* court correctly construed the "stay put" requirement to apply only to the state administrative hearing. Section 56505 of the Education Code is entitled "State Hearing" and describes procedures to be followed during the administrative hearing. Subdivision (h) of that section provides: "The hearing conducted pursuant to this section shall be the final administrative determination and binding on all parties." Reading the "stay put" requirement in context, we conclude the "state-level hearing" described in Education Code section 56505, subdivision (d) refers to the administrative hearing. Because Kim was not transferred to the private school until *after* the administrative hearing, he complied with the "stay-put" provision.

██ Several courts have held the EAHCA provision giving courts the power to award "such relief as the court determines is appropriate" (20 U.S.C. § 1415(e)(2)) does not authorize an award of damages.[2] (See *Mt. View-Los Altos U. High Sch.* v. *Sharron B.H.* (9th Cir. 1983) 709 F.2d 28; *Anderson* v. *Thompson* (7th Cir. 1981) 658 F.2d 1205 [63 A.L.R.Fed 197], and cases there cited.) These cases are distinguishable, however, because they involve situations where the parents unilaterally removed their children from public school *before* an administrative proceeding began. In fact, the *Mountain View* court specifically states "[n]o damages can accrue *before* a final determination of a student's status has been made" and "[d]amage remedies for placement before *full compliance* with EAHCA procedures are not in keeping with the design of the Act." (Italics added.) (*Mountain View, supra,* at p. 30.)

Thus, we hold damages do constitute "appropriate relief" under section 1415(e)(2) when a student has fully complied with the California counterpart to the EAHCA procedures by remaining in the public school placement

---

[2]Limited damage awards have been held to be appropriate in at least two exceptional circumstances. The first is when the child's physical health would be endangered if the parents do not change the child's placement. The second situation is when the school district acts in bad faith by failing to comply with the procedural provisions of the EAHCA. (*Anderson* v. *Thompson* (7th Cir. 1981) 658 F.2d 1205, 1213-1214.)

pending the administrative proceedings. ■ Because Kim was not en-rolled in Rossier until after the administrative proceedings were concluded, retroactive reimbursement was appropriate.

### III

The only issue raised by Kim in his appeal is whether he was entitled to attorney's fees. Kim filed his petition for writ of mandate pursuant to the Rehabilitation Act of 1973 (RA) (29 U.S.C. § 794) and California Education Code sections 56000 et seq. He requested attorney's fees under 42 United States Code section 1988, the RA (29 U.S.C. § 794a(b)), and California Government Code section 800.

### A. *Section 1988*

■ Title 42 United States Code section 1988 provides for an award of attorney's fees to the prevailing party in an action to enforce a provision of 42 United States Code section 1983. Although the violation of a federal statute can be the basis of a section 1983 action (*Maine* v. *Thiboutot* (1980) 448 U.S. 1 [65 L.Ed.2d 555, 100 S.Ct. 2502]), violation of the EAHCA may not be the basis of an action under section 1983. (*Anderson* v. *Thompson, supra,* 658 F.2d 1205, 1215; *Noe* v. *Ambach* (S.D.N.Y. 1982) 542 F.Supp. 70, 73.) Because the EAHCA authorizes a private right of action and provides for a comprehensive scheme of state administrative proceedings, an action under section 1983 would serve "no purpose other than that of a conduit for attorney's fees." (*Noe* v. *Ambach, supra,* at p. 73, citing *Tatro* v. *State of Texas* (N.D. Tex. 1981) 516 F.Supp. 968, 984.) Accordingly, Kim cannot invoke section 1983 to recover attorneys' fees.

### B. *Rehabilitation Act*

■ Kim also seeks attorney's fees under the RA. The RA specifically provides "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (29 U.S.C. § 794a(b).) The RA prohibits discrimi-nation against any handicapped individual by "any program or activity re-ceiving Federal financial assistance." (29 U.S.C. § 794.) Kim's petition for writ of mandate alleges the District failed to provide procedural due process and a "free appropriate public education" to Kim. The trial court found the

procedural due process argument to be without merit and Kim does not challenge that ruling on appeal. His other claim is based on the EAHCA provision requiring the District to provide a free appropriate public education or pay for an appropriate education in a private school. Thus, Kim's petition is primarily based on alleged violations of the EAHCA.

In order to establish a violation of the RA, Kim must allege "something more than a mere failure to provide the 'free appropriate education' required by EAHCA." (*Monahan* v. *State of Neb.* (8th Cir. 1982) 687 F.2d 1164, 1170.) In *Monahan,* the court suggested a RA cause of action for discrimination might be stated by alleging "bad faith or gross misjudgment" in developing an educational program. (*Id.,* at p. 1171.)

*Department of Educ., State of Haw.* v. *Katherine D.* (9th Cir. 1983) 727 F.2d 809, 820-821, *Colin K. By John K.* v. *Schmidt* (1st Cir. 1983) 715 F.2d 1, 8-10, and *Smith* v. *Cumberland School Committee* (1st Cir. 1983) 703 F.2d 4, 9-10, cert. granted (Oct. 31, 1983) — U.S. — [78 L.Ed.2d 304, 104 S.Ct. 334] (No. 82-2120) all held the failure to state a substantial claim under the RA precludes an award of attorney's fees under section 794a(b). ██ ██ Because Kim has not alleged a substantial claim under the RA, we hold he is not entitled to attorney's fees under section 794a(b).[3]

### C. *Government Code Section 800*

██ Government Code section 800 authorizes an award of attorney's fees where "the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity . . . ." Kim argues the hearing officer's award was the result of arbitrary and capricious conduct because the findings and determinations were found not to be supported by substantial evidence. This argument is without merit. The trial court's ruling that certain findings and determinations were not supported by the record does not, in itself, constitute evidence of arbitrary and capricious conduct by the hearing officer. Furthermore, there is no evidence to indicate the District's

---

[3]Several district court cases have held that the more specific EAHCA does *not* provide an exclusive remedy and the complainant *is* entitled to attorney's fees if a claim is alleged under the RA. (See *Jose P.* v. *Ambach* (2d Cir. 1982) 669 F.2d 865; *Patsel* v. *District of Columbia Bd. of Ed.* (D.D.C. 1982) 530 F.Supp. 660 [65 A.L.R.Fed. 561]; *Tatro* v. *State of Texas, supra,* 516 F.Supp. 968.) This view is not followed here for the same reason that a section 1983 cause of action is disallowed. If a complainant could recover attorney's fees by simply alleging an RA violation, the RA violation would serve "no purpose other than that of a conduit for attorney's fees." (See *Noe* v. *Ambach, supra,* at p. 73; *Department of Educ., State of Haw.* v. *Katherine D., supra,* at p. 821.)

conduct was arbitrary or capricious. Kim is not entitled to attorney's fees under Government Code section 800.

The judgment is affirmed. Parties to bear their own costs.

Trotter, P. J., and Sonenshine, J., concurred.