**MOUNTAIN VIEW–LOS ALTOS UNION HIGH SCHOOL DISTRICT and Santa Clara County Superintendent of Schools, Plaintiffs-Appellees,**

v.

**SHARRON B.H., Defendant-Appellant.**

No. 82–4172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1983.

Decided June 22, 1983.

Jane E. Slenkovich, Cupertino, Cal., for plaintiffs-appellees.

Peter Sandman, San Francisco, Cal., for defendant-appellant.

Before TRASK, KENNEDY and POOLE, Circuit Judges.

KENNEDY, Circuit Judge:

■ The issue on appeal is whether a parent unilaterally may decide to transfer her handicapped child to a private school and then seek tuition reimbursement from the public school district under the federal Education for All Handicapped Children Act, Pub.L. No. 94–142 (codified at 20 U.S.C. § 1401, *et seq.*) (hereafter EAHCA). We find that EAHCA does not permit such an action, though arguably an exception exists in extreme circumstances not present here.

Commencing in 1966, the Congress passed a series of acts to assist in the education of handicapped children. *See, e.g.,* Elementary and Secondary Education Amendment of 1966, Pub.L. 89–750. *See generally,* S.Rep. No. 168, 94th Cong., 1st Sess. 5, *reprinted in* 1975 U.S.Code Cong. & Ad.News 1425, 1429. The enactment of EAHCA in 1975 was intended to enlarge this commitment. The Act both funds and regulates state assistance to handicapped students. To qualify for federal funding, a state must establish a program that systematically and promptly identifies, locates, and treats handicapped youths. The individual rights of handicapped children and their parents are a significant and explicit part of the statutory scheme. *See* S.Conf.Rep. No. 455, 94th Cong., 1st Sess. 39, *reprinted in* 1975 U.S. Code Cong. & Ad.News 1480, 1492. The statute confers on them certain "guaranteed procedural safeguards," 20 U.S.C. § 1415(a), such as a conference with school authorities, an administrative hearing before an impartial officer, and a civil action in the federal district court.

■ There is no doubt, therefore, that EAHCA grants a private right of action to parents, on behalf of their children. The question here is not whether such a right has been created, but rather its scope and nature. Cases in this circuit discussing whether or not a private right of action exists under a particular federal statute are not, therefore, of direct relevance, *see, e.g., Fisher v. City of Tucson,* 663 F.2d 861 (9th Cir.1981).

From the first grade, the appellant's son had exhibited behavioral problems. By the eighth grade, he was referred to the Superintendent of Schools in Los Altos Elementary School District for an assessment of special education needs as a potentially handicapped student. While the assessment was taking place, the boy was excluded from school for repeated misconduct. The assessment process stopped, for reasons not explained. The school offered to send a teacher to the boy's home for about an hour of individual instruction a day, and district personnel also recommended to the mother various private schools which might deal more effectively with the child. Those recommendations were informal suggestions, not made pursuant to the evaluation and placement provisions of the Act.

Appellant placed the boy in one of the recommended private schools for five months; he was expelled for continued misbehavior and then attended another. Appellant, meanwhile, had begun to seek tuition reimbursement. She notified the Los Altos Elementary School District of her claim and was advised the child's age made him the responsibility of the Mountain View-Los Altos High School District. The high school district referred the boy for further testing to determine his eligibility

as a special education student. The result was a recommendation that the boy be placed in a resource classroom in a regular public school program. Dissatisfied, appellant requested an administrative hearing under EAHCA, and the administrative law judge determined that the parents were entitled to reimbursement for the costs of the child's attending both private schools. The school district then brought an action in the United States District Court against appellant and the State Department of Education for a review of the administrative hearing, as authorized by EAHCA, 20 U.S.C. § 1415(e)(2).

The district court adopted the magistrate's recommendation for summary judgment in favor of the school district, holding the appellant had violated EAHCA's so-called stay-put provision by placing the boy in a private school program before the administrative proceedings were concluded. The stay-put provision, § 1415(e)(3) provides:

> During the pendency of any proceedings conducted pursuant to this section, unless the State or local education agency and the parents or guardians otherwise agree, the child shall remain in the then current educational placement of such child ... until all such proceedings have been completed.

The parties disagree over the interpretation of the stay-put provision and its applicability to the facts of this case, the appellant insisting that her action in removing the boy to the private schools was with the consent of the districts and not unilateral. We need not reach that issue here, for we find the damage remedy outside the scope of the Act.

We do not believe that EAHCA makes a student's needs cognizable before the administrative process has run its course. No damages can accrue before a final determination of a student's status has been made.

The Seventh Circuit has reached the same conclusion that we have, and we rely upon its extensive and well-reasoned opinion. *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981). As the *Anderson* court properly noted, the wording of the statute does not disclose a congressional intent to provide a damage remedy. The statute does confer on district courts the power to give all "appropriate relief," 20 U.S.C. § 1415(e)(2), but absent legislative history suggesting the contrary, such a phrase is usually construed as a mere grant of jurisdiction to enforce and supplement the administrative procedures for identification, evaluation, and placement of the child, and not of authority to award retrospective damages. *Id.* at 1210–11.

Damage remedies for placement before full compliance with EAHCA procedures are not in keeping with the design of the Act. A damage action is usually associated with the breach of some duty, or creation of an unusual risk as by engaging in an ultrahazardous activity. Damages serve not merely to compensate an injured party but also act as an incentive for potential defendants to act prudently. *See, e.g.,* 42 U.S.C. § 1983. Damages under EAHCA would serve no such purpose. The prudent school district need not do more than faithfully apply the procedures of EAHCA. The threat of damages in a case like ours would not make compliance any more likely, and would subject school districts to contingent liabilities hardly foreseeable when the annual school budget is prepared.

We leave open the possibility of reimbursement where a parent's unilateral transfer is justified by a grave and immediate threat to the child's physical health or by the bad faith conduct of the school district. *Accord Anderson, supra,* at 1213–14. Those circumstances are not presented here.

Though the school districts prevail in this case, we must observe that the briefs and oral argument presented by appellees' counsel were not well-focused and were of little assistance to the court. Accordingly, the appellees shall not be entitled to costs. Each party on the appeal shall bear its own costs.

AFFIRMED.