**Sally BURPEE, Mother and Legal Guardian of Scott Burpee**

v.

**MANCHESTER SCHOOL DISTRICT.**

**David BUGAY, Father and Legal Guardian of John Bugay**

v.

**MANCHESTER SCHOOL DISTRICT.**

Civ. Nos. 86–531–D, 86–532–D.

United States District Court,
D. New Hampshire.

Feb. 12, 1987.

Michael R. Chamberlain, Manchester, N.H., for plaintiff.

Wadleigh, Starr, Peters, Dunn & Chiesa by Robert E. Murphy, Jr., Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In each of these consolidated actions, the respective plaintiff, parent of a handicapped child, was successful in procuring educational relief for such child at the administrative level pursuant to the applicable provisions of the Education of All Handicapped Children Act ("EHA"), 20 U.S.C. § 1401, *et seq.* Thereafter, pursuant to the amendments to EHA made by the Handicapped Children's Protection Act of 1986 ("HCPA"), codified at 20 U.S.C.A. § 1415 (West Supp. Pamphlet No. 4, Dec. 1986), plaintiffs requested payment of attorney fees from the defendant, Manchester School District ("MSD"). MSD refused on the ground that there was no statutory authority for such payment.

The instant complaints followed, and at this stage of the proceedings the issues before the Court arise in the context of the consolidated motion to dismiss filed by MSD and the respective plaintiffs' objections thereto. For reasons hereinafter detailed, the Court finds that the motion to dismiss must be denied.

The Court commences its analysis by turning back a few pages in the calendar of legal history. On July 5, 1984, the Supreme Court ruled that EHA was the exclusive source of rights and remedies in special education cases which fell within its purview. *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The effect of this decision was to deprive parents and their handicapped children who successfully litigated rights to such education of an award of attorney fees. Act-

ing "swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent," *Fontenot v. Louisiana Bd. of Elementary and Secondary Educ.*, 805 F.2d 1222, 1223 (5th Cir.1986), Congress passed HCPA, Pub.L. 99–372, 100 Stat. 796 (amending 20 U.S.C. § 1415) (current version at 20 U.S.C.A. §§ 1400, 1415 (West Supp. Pamphlet No. 4, Dec. 1986)).[1]

In relevant part, EHA, as amended by the provisions of HCPA, provides:

> In any action *or proceeding* brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

*Id.* at § 1415(e)(4)(B) (emphasis added).

Significant also is the provision now codified at 20 U.S.C.A. § 1415(e)(4)(D):

> No award of attorneys' fees and related costs may be made in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if—
>
> (i) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, *in the case of an administrative proceeding,* at any time more than ten days before the proceeding begins;
>
> (ii) the offer is not accepted within ten days; and
>
> (iii) the court *or administrative officer* finds that the relief finally obtained by the parents or guardian is not more

favorable to the parents or guardian than the offer of settlement.

(Emphasis added.)

Thus, as the amendatory provisions of HCPA make clear, in cases such as these [2] the Court in its discretion may award attorney fees for success at either the administrative or the judicial level. In addition to the clear statutory language, however, the legislative history demonstrates the intent of Congress in this regard. For example, the section-by-section analysis of the statute contained in the Report of the Labor and Human Resources Committee of the United States Senate, S.Rep. No. 112, 99th Cong., 2d Sess. 2, *reprinted in* 1986 U.S. Code Cong. & Admin.News 1798, 1799, 1800 (Sept. 1986) states: "Section 2 provides for the award of reasonable attorney's fees to prevailing parents in EHA civil actions and in administrative proceedings to parents in certain specified circumstances."

Additionally, the Senate Committee Report makes clear the intention that the statute is to be interpreted as were the Title VII proceedings at issue in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). S.Rep. No. 112 at 14, *supra,* U.S.Code Cong. & Admin.News at 1804. On the same page, the Committee makes clear its intent to allow the Court, but not any hearing officer, to "award fees for time spent by counsel in mandatory EHA administrative proceedings." *Id.* Finally, the House Conference Report, H.R.Rep. No. 687, 99th Cong., 2d Sess. 7, *reprinted in* 1986 U.S. Code Cong. & Admin.News 1807, 1809 (Sept. 1986), details the recession of the House from its amendment which sought

---

**1.** In so acting, Congress accepted the invitation of the dissenters (Brennan, J., joined by Marshall and Stevens, JJ.) in *Smith v. Robinson, supra:*

> [W]ith today's decision coming as it does after Congress has spoken on the subject of attorney's fees, Congress will now have to take the time to revisit the matter. And until it does, the handicapped children of this country whose difficulties are compounded by discrimination and by other deprivations of constitutional rights will have to pay the costs. It is at best ironic that the Court has managed to

impose this burden on handicapped children in the course of interpreting a statute wholly intended to promote the educational rights of those children.

*Id.,* 468 U.S. at 1030–31, 104 S.Ct. at 3478.

**2.** Section 5 of Pub.L. 99–372 provided that the attorney fees provisions were to apply to any actions brought under EHA after July 3, 1984, and any such actions brought prior to July 4, 1984, which were pending as of the latter date. 20 U.S.C.A. at § 1415 (notes following text of amendments).

to sunset "the court's authority to award fees at the administrative level." [3]

It follows that the reliance of MSD on the decision in *North Carolina Dept. of Transp. v. Crest Street,* —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), is misplaced.[4] Therein, residents of a black community opposed the expansion of a highway which would have disrupted their park, church, and places of residence. Following negotiations between and among plaintiffs and the federal and state departments of transportation, a compromise agreeable to all was reached. Plaintiffs then brought an action seeking an award of attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Holding that this separate action was not the "action or proceeding to enforce the civil rights laws" listed therein, the Supreme Court denied such award of fees. *North Carolina Dept. of Transp. v. Crest Street, supra,* 107 S.Ct. at 340, 342.

Here, however, the clear language of the statute and the legislative history thereof mandate a ruling that where parents or guardians of a handicapped child are successful at the administrative level of a proceeding under EHA, they may apply to the Court for an award of attorney fees. Accordingly, the motion to dismiss must be and it is herewith denied.

SO ORDERED.

---

**3.** The well-crafted legal memorandum of counsel for plaintiffs details many more examples of the legislative history of HCPA which make it clear that Congress intended that both at the administrative hearing level and at the judicial level the Court should have authority to award fees to successful parents or guardians of handicapped children.

**4.** In fairness to MSD, this misunderstanding of the scope of *North Carolina Dept. of Transp. v. Crest Street, supra,* was shared by others. As of the inception of the instant litigation, the amendments to and legislative history of HCPA were new and not well known to the Court and its staff. Therefore, on its face, the most recent decision of the Supreme Court dealing with a related claim for attorney fees would appear to be applicable.