Ken MATHERN and Marilyn Mathern, husband and wife, as parents and next friends of Waylon Mathern and Jerrel Mathern, Plaintiffs,

v.

CAMPBELL COUNTY CHILDREN'S CENTER, an agency of Campbell County, Wyoming; and The Division of Community Programs of the Wyoming State Department of Health and Social Services, Defendants.

No. C87–331–K.

United States District Court, D. Wyoming.

Dec. 2, 1987.

Dan White, Vines, Gusea & White, Cheyenne, Wyo., for plaintiffs.

Richard Dixon, Asst. Atty. Gen., for the State of Wyoming, Cheyenne, Wyo., for defendants.

### ORDER DENYING MOTION TO DISMISS AND ALLOWING ATTORNEY'S FEES

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court

on defendants' motion to dismiss; plaintiffs appearing by and through their attorney, Dan White; defendants appearing by and through their attorney, Richard Dixon, Assistant Attorney General for the State of Wyoming; and the Court having heard the arguments of counsel, and having fully and carefully reviewed and considered the motion and briefs filed therewith and all matters pertinent thereto, and being fully advised in the premises, FINDS:

The sequence of events which culminated with this action can be traced back to June 26, 1985, when plaintiffs filed a complaint with the Division of Community Programs of the Wyoming Department of Health and Social Services (Division) in accordance with Subchapter II of the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1400–1485 (1987). This Court has jurisdiction pursuant to 20 U.S.C. § 1415(e)(4)(A).

### I. PROCEDURAL BACKGROUND

In the administrative proceeding below, plaintiffs, parents of two handicapped children, successfully argued that the agency charged with providing preschool educational programs for normal and developmentally disabled children residing in Campbell County, Wyoming, failed to discharge its duties as regards plaintiffs' children. On September 27, 1985 the hearing officer issued a final decision finding that the agency failed to properly develop an Individualized Educational Plan (IEP) for one of plaintiffs' children and directing that a deaf education teacher or specialist be employed on a regular basis to serve as a consultant to the agency respecting the appropriate educational services to be provided for plaintiffs' children.

Under a newly-enacted provision of the EHA allowing for recovery of attorneys' fees, plaintiffs petitioned the Division on December 19, 1986 to recover attorney's fees incurred in the aforementioned administrative proceeding. The petition was denied by the Division's Administrator on February 10, 1987, the Administrator's conclusion grounded in his belief that the legislation involved did not empower adminis-

trative hearing officers to make such fee awards. Some seven months following this denial, the instant action was brought solely to recover attorney's fees incurred by plaintiffs as a result of their success at the administrative level.

Defendants incorrectly characterize the nature of the instant action as an appeal from an administrative decision. The Division denied the petition for attorney's fees based not on any conclusions as to plaintiffs' entitlement to attorney's fees but, rather, on a failure to find statutory authority empowering an administrative hearing officer to award attorneys' fees. Plaintiffs are not before the Court seeking judicial review of the administrative order denying payment of attorney's fees per se. On the contrary, plaintiffs properly bring this independent action for attorney's fees following a determination below premised upon lack of jurisdiction.

### II. THE HANDICAPPED CHILDREN'S PROTECTION ACT OF 1986

In 1984, the Supreme Court concluded that where the EHA was applicable to a suit brought on behalf of a handicapped child, the EHA provided the exclusive avenue for the pursuit of relevant claims. *Smith v. Robinson*, 468 U.S. 992, 1013, 104 S.Ct. 3457, 3469, 82 L.Ed.2d 746 (1984). Based on this conclusion, the Court held that a plaintiff may not enlarge upon the remedies available under the EHA. *Id.* at 1021, 104 S.Ct. at 3473. Since the EHA had no provision for attorneys' fees at the time of *Smith*, the Court refused to allow such awards.

This result prompted the following observation by Justice Brennan:

> [W]ith today's decision coming as it does after Congress has spoken on the subject of attorney's fees, Congress will now have to take the time to revisit the matter. And until it does, the handicapped children of this country whose difficulties are compounded by discrimination and by other deprivations of constitutional rights will have to pay the costs.

*Id.* at 1030–1031, 104 S.Ct. at 3478 (Brennan, J., dissenting).

Congress quickly responded to *Smith,* amending the EHA by enacting the Handicapped Children's Protection Act of 1986 (HCPA), 20 U.S.C. §§ 1415(e)(4)–1415(f). The relevant provision of the HCPA reads as follows:

In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B).

■ Such language admits of no ambiguity and clearly supports the rationale given by the Division for denying plaintiffs' petition for attorney's fees. The statute unquestionably leaves to the case-by-case discretion of the federal district courts the decision whether or not to award attorneys' fees in actions brought to enforce provisions of the EHA.

### A. *Legislative History*

Plaintiffs' contention that § 1415(e)(4)(B) requires that a separate proceeding be brought in the courts by certain prevailing parties solely for the purpose of recovering attorneys' fees has ample support in the legislative history.

Included in the report submitted by a Senate committee pertaining to the proposed version of the HCPA is the following expression:

The committee intends that [§ 1415(e)(4)(B)] will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings.

Senate Comm. on Labor and Human Resources, Handicapped Children's Protection Act of 1985, S.Rep. No. 99–112, 99th Cong., 1st Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804.

Supportive of this view is the following language in the House report:

In some actions or proceedings in which the parents or guardian prevail, more than one local or State agency may be named as a respondent. In these cases, *it is expected that the court will apportion the award of attorneys' fees* and

other expense based on the relative culpability of the agencies.

House Comm. on Education and Labor, Handicapped Children's Protection Act of 1985, H.R.Rep. No. 99–296, 99th Cong., 1st Sess. 6. (Emphasis added).

■ That the Congress did not intend that an EHA suit be tried on its merits *in court* as a prerequisite to application by certain prevailing parties for attorneys' fees is apparent from the use of the disjunctive phrase "any action or proceeding" in § 1415(e)(4)(B). In accord, see *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 61, 100 S.Ct. 2024, 2029, 64 L.Ed.2d 723 (1980), where the Court applied this reasoning to a substantially identical statute governing awards of attorneys' fees in Title VII cases and went on to say:

It would be anomalous to award fees to the complainant who is unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level. Since it is clear that Congress intended to authorize fee awards for work done in administrative proceedings, we must conclude that [the statute's] authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorneys' fees for legal work done in state and local proceedings.

*Id.* at 66, 100 S.Ct. at 2032.

### III. CONCLUSION

This Court finds no reason why the *Carey* reasoning cannot be applied in the context of administrative proceedings brought under the EHA. Based upon a thorough evaluation of Congress' intent behind § 1415(e)(4)(B), this Court holds that certain prevailing parties in an administrative action brought under the EHA may bring an independent action in federal court solely for the recovery of reasonable attorneys' fees incurred at the administrative level. See, *e.g., Kristi W. v. Graham Independent School Dist.,* 663 F.Supp. 86 (N.D. Tex.1987); *School Board of Prince Wil-*

*liam County v. Malone*, 662 F.Supp. 999 (E.D.Va.1987); *Burpee v. Manchester School Dist.*, 661 F.Supp. 731 (D.N.H.1987); and *Prescott v. Palos Verdes Peninsula Unified School Dist.*, 659 F.Supp. 921 (C.D. Cal.1987).

■ Before issuing a final ruling in the instant action, the Court notes that an integral part of the discretion given the courts by the HCPA is the authority to reduce the amount of the attorney's fee request under certain enumerated circumstances. See 20 U.S.C. § 1415(e)(4)(F).

NOW, THEREFORE, IT IS

ORDERED that defendants' motion to dismiss be, and the same is, hereby denied; it is

FURTHER ORDERED that plaintiffs recover the sum of Three Thousand ($3,000.00) Dollars as reasonable attorney's fees.