**Liebe DOE, Plaintiff,**

v.

**WATERTOWN SCHOOL COMMITTEE
and Acton School Committee,
Defendants.**

**Civ. A. No. 88–1240–Y.**

United States District Court,
D. Massachusetts.

Dec. 13, 1988.

Andrew McGinnis, Belmont, Mass., for plaintiff.

John C. Bartenstein, Ropes & Gray, Boston, Mass., Roger Randall, Town of Watertown, Watertown, Mass., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Pursuant to 20 U.S.C. sec. 1415(e)(4), the plaintiff, Liebe Doe ("Doe"), seeks to recover reasonable attorney's fees as well as the expert evaluation and witness fees which she incurred during her successful administrative challenge of the Individualized Education Plan ("I.E.P.") that the Watertown School Committee ("Watertown") had designed for her son, Ira. In 1985, Doe received a favorable disposition from the Massachusetts Bureau of Special Education Appeals (the "Bureau"). Before garnering the fruits of her victory from Watertown, however, Doe and her son moved to Acton, where the Acton School Committee fully implemented Ira's I.E.P. in the manner specified by the Bureau. Because the matter for all practical purposes appeared moot to Watertown, it took no appeal to the courts.

In 1986, Congress enacted the Handicapped Children's Protection Act, Pub.L. 99–372, sec. 2, 100 Stat. 796 (1986), which amended Sec. 615(e)(4) of the Education of the Handicapped Act, 20 U.S.C. sec. 1415(e)(4), to provide the award of attorney's fees to parents who prevail in these actions.[1] Congress intended this provision

---

1. The statute granting the court the right to award attorney's fees reads:
   In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part

of the costs of the parents or guardian of a handicapped child or youth who is the prevailing party.
20 U.S.C. sec. 1415(e)(4)(B).

to have a limited retroactive effect.[2] On May 26, 1988, Doe filed this complaint seeking to recover such fees from either the Watertown or the Acton School Committees.

All parties filed cross motions for summary judgment. The Court allowed the motion of the Acton School Committee from the bench, reasoning that Acton had not been involved in the underlying proceeding and had, in any event, fully complied with the decision of the Bureau. Watertown's motion for summary judgment is grounded upon two major points. First, Watertown argues that no genuine issue of material fact exists because the attorney's fees provision was not in effect on June 19, 1985, the day the Bureau decision was issued and, therefore, Doe has no right to recover attorney's fees. Second, Watertown argues that it would be inequitable to assess attorney's fees against it because Ira moved out of the Watertown school district five days prior to the issuance of the Bureau decision, thereby mooting Watertown's right to appeal.

■ This Court is persuaded that, although the attorney's fees provision was not enacted until 1986, it is properly applied retroactively—as Congress clearly intended —to any action or proceeding pending on or filed after July 3, 1984 in which the right to attorneys' fees had not already been adjudicated. *Compare Tonya K. by Diane K. v. Bd. of Educ. of Chicago*, 847 F.2d 1243, 1246, 1248 (7th Cir.1988) (retroactive application appropriate where no judicial disposition of request for fees had been made when statute enacted) *with Georgia Assoc. of Retarded Citizens v. McDaniel*, 855 F.2d 805, 808–09 (11th Cir.1988) (retroactive application inappropriate when final judgment denying attorney's fees entered

prior to statute's effective date); *see also Counsel v. Dow*, 849 F.2d 731 (2d Cir.1988) (upholding the retroactive effect of statute generally against constitutional challenge), *petition for cert. filed* Sept. 6, 1988; *Fontenot v. Louisiana Bd. of Elementary and Secondary Educ.*, 835 F.2d 117, 120–21 (5th Cir.1988) (upholding the retroactive effect of the statute); *Board of Education of East Windsor Regional School Dist. v. Diamond*, 808 F.2d 987, 993–94 (3d Cir. 1986) (same). Thus here, where Doe has never had her claim to attorney's fees adjudicated, the statutory grant is properly construed retroactively to this case which was commenced after July 3, 1984.

■ Watertown's second argument has more merit. Because Ira moved out of the school district five days before the Bureau issued its decision and because Doe then had no right to seek attorney's fees, Watertown lacked standing to appeal. Implicit in this argument, of course, is the premise that if Watertown had appealed it would have prevailed and thus would have forestalled Doe's right to ask for attorney's fees under this section. Now, however, in view of the retroactive effect of the attorney's fees section of the statute, Watertown finds itself in the unenviable position of facing a claim for attorney's fees without having enjoyed the opportunity to appeal the merits of the Bureau's underlying decision. As this clearly would be inequitable, the Court at oral argument offered Watertown the opportunity to contest the merits in defense to Doe's motion for summary judgment as to attorney's fees. Accordingly, Watertown argued the merits and adverted to the points raised in its papers filed with respect to the cross-motions for summary judgment.[3]

---

**2.** The language of the statute is clear:
> The amendment made by sec. 2 shall apply with respect to actions or proceedings brought under sec. 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such section which are pending on July 4, 1984.

Pub.L. 99–372 sec. 5, 100 Stat. 798 (1986).

**3.** At the hearing, both the Court and Watertown's counsel were confused as to the nature

of review of the Bureau's decision. The Court proposed, and Watertown's counsel accepted, an arbitrary and capricious standard. Doe's counsel did not set the Court straight. In fact, the correct standard of review is a somewhat curtailed version of a complete *de novo* review. *Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 205–07, 102 S.Ct. 3034, 3050–51, 73 L.Ed.2d 690 (1982); *Colin K. by John K. v. Schmidt*, 715 F.2d 1, 5 (1st Cir.1983). The Court is obliged to give due weight to the state admin-

After a careful review of the entire record before the Court,[4] it can discern no genuine issue of fact concerning the propriety *vel non* of the Board's decision. Watertown's challenge to the merits of the Board's action is far too conclusory to forestall the grant of summary judgment. Indeed, the record before the Court bolsters the conclusion that the Board correctly faulted Watertown's approach to Ira's I.E.P. and that Doe is entitled to her attorney's fees in securing that result.

Accordingly, Watertown's motion for summary judgment is denied and Doe's motion for summary judgment is granted. In light of the nature of the case and the issues presented, the time and labor required, the importance of the matter to her son's educational development, the result obtained, the usual price charged for similar services by other attorneys practicing in this field in Massachusetts, and the amount of attorney's fees awards in similar cases, the Court concludes that Doe's application for attorney's fees is in all respects proper and awards such fees and expert witness costs in the amount of $11,051.46. Doe shall also have the reasonable costs of this action.

---

istrative proceedings. 458 U.S. at 206, 102 S.Ct. at 3050. The procedure the Court uses can "best be characterized as conducting a review proceeding." *David D. v. Dartmouth School Comm.,* 775 F.2d 411, 424 (1st Cir.1985), *cert. denied sub nom. Massachusetts Dept. of Ed. v. David D.,* 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986).

**4.** Although the Board's decision is before the Court, Watertown has not placed before the Court the transcript of the Board's proceedings. Watertown is given this opportunity pursuant to 20 U.S.C. sec. 1415(e)(2), which states:

Any party aggrieved by the findings and decision ... shall have the right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.