**Vernon and Thelma WILLIAMS, Plaintiffs,**

v.

**BOSTON SCHOOL COMMITTEE, Defendant.**

**Civ. A. No. 88–571–C.**

United States District Court, D. Massachusetts.

March 14, 1989.

Barbara B. Clurman, Newton, Mass., for plaintiffs.

First Asst. General Counsel, Marien Evans, Boston, Mass., for defendant.

### MEMORANDUM

CAFFREY, Senior District Judge.

The facts are not in dispute. In 1987, plaintiffs Vernon and Thelma Williams, parents of Christopher, a learning-disabled and special needs student, challenged the Individualized Educational Plan ("IEP") proposed for Christopher by the defendant. In February 1988, the Massachusetts Department of Education considered the plaintiffs' administrative appeal, affirmed their rejection of the IEP and granted the educational services they requested for Christopher. Plaintiffs were represented by counsel during those proceedings, as was

the defendant, and the only issue now before the Court is whether the plaintiffs are entitled to recover reasonable attorney's fees pursuant to 20 U.S.C. § 1415(e)(4).

### 1. *The Statute*

The resolution of this controversy hinges on the proper interpretation of a federal statute, the Education of All Handicapped Children Act, 20 U.S.C. §§ 1401 *et seq.*, and its 1986 amendment, the Handicapped Children's Protection Act, 20 U.S.C. § 1415 ("HCPA"). The HCPA was enacted by Congress specifically to remedy the United States Supreme Court's ruling, in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), that attorneys' fees were not recoverable under the original statute. The HCPA provides that:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). The defendant argues that the statute does not authorize the award of attorneys' fees when the parents have prevailed only at the administrative level. Instead, the defendant asserts that the parents must be "aggrieved parties," unsuccessful in the administrative process, and must pursue their claim in the federal district court before the court has jurisdiction to consider a fee application.

■ Although the defendant argues its points cogently and well, the position it asserts clearly is contrary to the great weight of existing precedent and our own reading of the plain language of the statute. It is practically impossible to catalog all of the various decisions that have determined that section 1415(e)(4)(B) permits the recovery of attorneys' fees, in federal district court, following success in the administrative process. In our own circuit, see, *e.g., Doe v. Watertown School Committee*, 701 F.Supp. 264 (D.Mass.1988), and *Burpee v. Manchester School Dist.*, 661 F.Supp. 731 (D.N.H.1987). *See also Duane M. v. Orleans Parish School Bd.*, 861 F.2d 115 (5th Cir.1988); *Max M. v. New Trier High School Dist.*, 859 F.2d 1297 (7th Cir.1988);

*Eggers v. Bullitt County School Dist.*, 854 F.2d 892 (6th Cir.1988); *Medford v. District of Columbia*, 691 F.Supp. 1473 (D.D. C.1988); *Turton v. Crisp County School Dist.*, 688 F.Supp. 1535 (M.D.Ga.1988); *Michael M. v. Board of Education*, 686 F.Supp. 995 (E.D.N.Y.1988); *Chang v. Board of Education*, 685 F.Supp. 96 (D.N. J.1988); *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816 (D.Wyo.1987).

As did Chief Judge Devine in his ruling in *Burpee, supra,* we find that Congress enacted section 1415(e) in order to expressly grant authority to the district courts to consider fee applications under the HCPA. The statute also explicitly provides that the "prevailing party" may recover fees arising out of "any action or proceeding." 20 U.S. C. § 1415(e)(4). Had Congress intended to preclude recovery by those successful only at the administrative level, as urged by the defendant, it certainly would have used the term "aggrieved party" as it appears elsewhere in the statute, and it would have avoided the inclusive phrase "action or proceeding." By using the language it did, Congress clearly intended to permit parents such as the Williams, who prevailed in changing their son's IEP at the administrative level, to recover reasonable attorney's fees.

### 2. *The Rate*

As in all fee applications, once we determine that an award of fees is appropriate, the next question is whether the requested fees are reasonable, both in terms of the hours expended by counsel and the hourly rate requested. In both of these matters, the HCPA provides minimal guidance. Section 1415(e)(4)(C) merely provides that prevailing parties may recover reasonable fees based on "rates prevailing in the community."

■ As an initial matter, we find that Attorney Clurman's total time spent on the administrative process is reasonable: 51.5 hours to prepare records, witnesses, and interrogatories, over the course of four months, for a detailed and technical hearing that produced a 13–page, single-spaced ruling by the Bureau of Special Education

Appeals, is not excessive. Ms. Clurman has concentrated in special education law for fifteen years and we can assume that she handled this controversy efficiently. Moreover, the defendant has not objected to the hours requested.

 The matter of the prevailing rate is more difficult to resolve. Attorney Clurman sets her rate at $150/hour, but submits no supporting documentation concerning prevailing rates in the Boston area in 1987. The defendant has voiced no objection to the rate and this fact has prompted at least one court to allow the rate requested. *Neisz v. Portland Public School Dist.*, 684 F.Supp. 1530, 1534 (D.Or.1988) (counsel's request for $125/hour granted based on his eleven years of experience and specialization and defendant school district's failure to submit affidavits indicating the rate was excessive). Our review of the existing case law found recent awards ranging from $125/hour for experienced counsel and law firm partners, *see Neisz, supra; Max M. v. Illinois State Bd. of Education;* 684 F.Supp. 514 (N.D.Ill.), *aff'd,* 859 F.2d 1297 (7th Cir.1988); *Moore v. District of Columbia*, 674 F.Supp. 901 (D.D.C.1987), to slightly lesser amounts, *Medford v. District of Columbia*, 691 F.Supp. 1473 (D.D.C.) ($100/hour); *Turton v. Crisp County School Dist.*, 688 F.Supp. 1535 (M.D.Ga.1988) ($95/hour), to general awards that did not specify an hourly rate, *Robert D. v. Sobel*, 688 F.Supp. 861 (S.D.N.Y.1988) ($2,774.29 awarded for attorney's work on administrative claim); *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816 (D.Wyo.1987) ($3,000 awarded for administrative claim); *Unified School District v. Newton*, 673 F.Supp. 418 (D.Kan.1987) ($2,381.25 awarded for administrative claim).

Because Ms. Clurman has not provided the Court with any information concerning the prevailing hourly rate attorneys receive in the community, and because the defendant has not objected to the rate requested, we hereby reduce the rate to $125/hour, as recognized by the *Neisz* court, *supra*. This rate is reasonable, especially in view of the $75/hour cap found in such statutes as 28 U.S.C. § 2412(d) and 18 U.S.C. § 3006A. We also recognize that the HCPA expressly authorizes the award of "costs" and that Ms. Clurman has requested none in her affidavit.

The fee application is therefore modified and reduced from $7,725.00 to a total award of $6,437.50.

SO ORDERED.