**GRACE B. and Jennifer C., Plaintiffs,**

v.

**LEXINGTON SCHOOL COMMITTEE and Paul Lombard, Defendants.**

**Civ. A. No. 91–10887–T.**

United States District Court, D. Massachusetts.

April 10, 1991.

Lester D. Blumberg, Nigro, Pettepit & Lucas, Wakefield, Mass., for plaintiffs.

Rebecca Louise Bryant, Foley, Hoag & Eliot, Mary L. Marshall, Robert G. Fraser, Stoneman, Chandler & Miller, Boston, Mass., for Lexington School Committee.

## MEMORANDUM

TAURO, District Judge.

Plaintiffs[1] seek injunctive relief against defendants Lexington School Committee and Paul Lombard[2] under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*[3]

Plaintiff Jennifer C. is a fourteen year old student with severe learning disabilities. She has received special education services from defendant Lexington School Committee ("LSC") since the first grade.

In June 1990, LSC offered plaintiffs an Individualized Education Plan ("IEP") providing for placement of Jennifer at the Jonas Clarke Middle School in Lexington. Jennifer's mother rejected the IEP and requested an administrative hearing before the Commonwealth of Massachusetts Bureau of Special Education Appeals ("BSEA").

On February 28, 1991, after ten days of hearings, the BSEA Hearing Officer issued an Order in which he determined that the IEP "would not serve to assure [Jennifer's] maximum feasible educational benefit." Order at 2. The Hearing Officer ordered defendants to "secure Jennifer's placement at the Landmark School ... forthwith, and assume financial responsibility for tuition and transportation costs attendant thereto." Order at 3.[4]

Despite the Hearing Officer's Order, defendants have failed to place Jennifer at the Landmark School. As a consequence,

---

1. Plaintiffs are Grace B. and her daughter, Jennifer C. 20 U.S.C. § 1415(e) grants private right of action to parents on behalf of their children. *See Mountain View–Los Altos Union High School Dist. v. Sharron B.H.*, 709 F.2d 28, 29 (9th Cir. 1983).

2. Paul Lombard is the Administrator of Special Education for the Lexington School Committee.

3. Plaintiff's amended complaint contains several additional causes of action, including U.S. Const. amend. XIV, Mass. Const. art. 114, 29 U.S.C. § 794 (codifying § 504 of the Rehabilitation Act), 42 U.S.C. § 1983, Mass.Gen.L. ch. 12, § 11I, and Mass.Gen.L. ch. 71B.

4. The Landmark School is a private boarding school in Prides Crossing, Massachusetts.

plaintiffs now seek injunctive relief to prevent the defendants "from taking any action, or from failing to act in any way which would prevent or delay [Jennifer's] enrollment in the Special Education Program as ordered by the B.S.E.A. Hearing Officer." Amended Complaint at ¶ 1.

I

### Findings of Fact

On April 9, 1991, this court held a hearing on plaintiffs' motion for a preliminary injunction. Among the evidence presented at the hearing was the Decision of the Hearing Officer dated April 9, 1991. *See* Court Exhibit A (hereinafter "Decision"). This court has reviewed the Decision and adopts the Hearing Officer's findings and conclusions.

This court finds that Jennifer is a child with special needs falling within the purview of 20 U.S.C. § 1400 *et seq.* and Mass. Gen.L. ch. 71B. As such, she is entitled to a free, appropriate, public education and an IEP which assures her maximum feasible educational development in the least restrictive environment consistent with that goal. *See* Decision at 21. This court also finds that the IEP proffered by Lexington does not serve to maximize Jennifer's educational development. *Id.* On the other hand, the Landmark School program would offer Jennifer a truly self-contained, intensive, full day, small group special education learning environment with similarly situated peers. *Id.* at 25.

II

### Conclusions of Law

A. Jurisdiction

■ This court does not have jurisdiction under the Individuals with Disabilities Education Act (the "Act"). 20 U.S.C. § 1415(e)(2) provides,

Any party aggrieved by the findings and decision made under subsection (b) of this section ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or

in a district court of the United States without regard to the amount in controversy.

As Jennifer and her mother prevailed before the Hearing Officer, they are not aggrieved parties under the Act. Consequently, § 1415(e)(2) does not provide them access to either the state or federal courts. *See Robinson v. Pinderhughes*, 810 F.2d 1270, 1275 (4th Cir.1987).

■ Although this court lacks jurisdiction under the Act, it does have jurisdiction under 42 U.S.C. § 1983 to enforce the Hearing Officer's Order. *Id.* at 1272–75. In *Robinson,* a handicapped child and his mother sued the Superintendent of Public Instruction of Baltimore City Public Schools after the city school system failed to implement a decision in plaintiffs' favor by the local hearing officer. *Id.* at 1275. The Fourth Circuit held that, despite their lack of standing as an aggrieved party under the Act, plaintiffs had a right under § 1983 to enforce the substantive decision of the local hearing officer. *Id.* at 1274–75. The court concluded,

In our case, while the [Act] was available to the child to have his substantive rights established, it was not available to him to have them enforced. Thus, ... plaintiffs [should] be permitted to pursue their remedy under § 1983 for deprivation of a right secured by the laws of the United States. Any constitutional right which the plaintiffs had was decided favorably to them in the administrative proceeding. The right which they seek to enforce here is to have the substantive decision in their favor carried out.

*Id.*

A recent amendment to the Act also supports allowing plaintiffs to seek enforcement of the Hearing Officer's Order in this court. The amendment provides,

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [20 U.S.C.A. § 790 *et seq.*], or other Federal statutes protect-

ing the rights of handicapped children and youth....

20 U.S.C. § 1415(f). As the Eighth Circuit recently stated, "Congress amended the Act in 1986 to state specifically that the [Act] is not the exclusive avenue through which parents may enforce rights of their handicapped children." *Digre v. Roseville Schools Indep. Dist.*, 841 F.2d 245, 249 (8th Cir.1988).

B. Motion for Preliminary Injunction

To allow plaintiffs' motion for a preliminary injunction, this court must find:

> (1) that plaintiff[s] will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff[s] ha[ve] exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

*Camel Hair & Cashmere Inst. of America, Inc. v. Assoc. Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir.1986). Here, plaintiffs have satisfied each requirement for injunctive relief.

 The main purpose of the Act is "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs...." 20 U.S.C. § 1400(c); *see also Lang v. Braintree School Comm.*, 545 F.Supp. 1221, 1227 (D.Mass.1982) (Tauro, J.) ("[T]he Act's main purpose [is] to assure that handicapped children receive *some* beneficial education at public expense, instead of remaining at home or in institutions without any educational experience whatsoever.") (emphasis in original). Defendants' refusal to place Jennifer at the Landmark School frustrates the purpose of the Act.

Defendants raise several arguments in their Opposition to Plaintiffs' Motion for a Preliminary Injunction. First, defendants argue that this court should deny plaintiffs' motion, because they have failed to exhaust their administrative remedies. Specifically, defendants contend plaintiffs failed to follow the state's regulations relative to compliance and enforcement of a BSEA decision. The option of filing a motion with the BSEA requesting the Bureau to order compliance with the decision does not, however, estop plaintiff from pursuing injunctive relief in this court. As the Eighth Circuit recently concluded, "federal courts have the authority to enter preliminary injunctions determining the placement of children during the pendency of state proceedings." *Digre*, 841 F.2d at 250.

In a case remarkably similar to this one, the United States District Court for the District of Columbia granted plaintiffs' motion for a preliminary injunction and ordered defendants to place plaintiffs in private boarding schools. *See Cox v. Brown*, 498 F.Supp. 823 (D.D.C.1980).[5]

Defendants in *Cox* also asserted that plaintiffs' failure to exhaust their administrative remedies barred the court from issuing a preliminary injunction. *Id.* at 827. The court rejected that argument stating,

> It defies comprehension to find congressional intent in this statute which would result in the denial of equitable relief to the vulnerable in an instance when the plaintiffs have been able to demonstrate the substantial likelihood that the educational authorities have failed to comply with the mandates of the Act and where patent irreparable harm will occur absent judicial relief.

*Id.*

Defendants also argue that plaintiffs have not shown that they will suffer irreparable injury if this court does not grant their motion for a preliminary injunction. Defendants rely on *School Comm. of Burlington v. Mass. Dept. of Educ.*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) for the proposition that the availability of reimbursement of the cost of a unilateral placement of Jennifer in the Landmark School precludes a finding of irreparable harm.

Defendants' argument presupposes that Grace B. is financially able to fund Jenni-

---

5. The court ordered defendants to place one of the plaintiffs at the Landmark School.

fer's placement at the Landmark School. Her affidavit clearly demonstrates that she lacks the financial wherewithal to provide for such a placement. *See* Grace B. Affidavit. Congress certainly did not intend Jennifer's entitlement to a *free* education to turn upon her mother's ability to "front" its costs. *See Miener v. Missouri,* 800 F.2d 749, 753 (8th Cir.1986); *see also Blomstrom v. Mass. Dept. of Educ.,* 532 F.Supp. 707, 713 (D.Mass.1982) ("Congress did not intend to create a system that would cause a child to stay mired in an inappropriate program while the appellate mechanism slowly determined his fate.").

Defendants contend as well that the "stay put" provision of 20 U.S.C. § 1415(e)(3) mandates that Jennifer remain in the Lexington Public Schools during the pendency of the appeal. *See* Letter from Robert G. Fraser to Lester Blumberg (Mar. 15, 1991). Defendants' position conflicts with the Supreme Court's decision in *Burlington School Comm.*[6] 20 U.S.C. § 1415(e)(3) provides that "[d]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child...."

Here, the state, acting through the BSEA, and Jennifer's mother, agree that Jennifer should *not* remain in the public schools. To the contrary, they both support placement at the Landmark School. Written in the disjunctive, § 1415 does not require the approval of the local educational agency in order to change the educational placement of a child during the pendency of an administrative appeal. *See Burlington,* 471 U.S. at 372, 105 S.Ct. at 2003 ("As an initial matter, we note that [§ 1415] calls for agreement by *either* the *State or* the *local educational agency.*") (emphasis in original). As a result, defendants' reliance on the "stay put" provision of § 1415 is misplaced.

Another contention by defendants is that their right to submit a motion for reconsid-

eration of the Hearing Officer's Decision precludes this court from granting injunctive relief. Under applicable BSEA procedures, the submission of a motion for reconsideration will stay the Hearing Officer's Decision. *See* Appendix to Decision at 1. But, this court rejects defendants' argument for several reasons. First, defendants have not submitted a motion for reconsideration of the Hearing Officer's Decision to the BSEA. Second, defendants' right to submit such a motion does not prospectively preclude this court from granting injunctive relief. Third, and perhaps most importantly, a stay of the Hearing Officer's Decision would have no effect on 20 U.S.C. § 1415(e)(3), which allows the State and the parents to agree to the change of placement. Here, the Commonwealth of Massachusetts, acting through the BSEA, and Jennifer's mother, both support placement at the Landmark School.

■ Finally, defendants admit in their Opposition to Plaintiffs' Motion for a Preliminary Injunction that difficult budget constraints contributed to their decision to refuse to comply with the Hearing Officer's Decision. *See* Opposition at 14. Such constraints do not, however, provide sufficient grounds for refusing to comply with the Hearing Officer's Decision. *See School Comm. of Brookline v. Bureau of Special Educ. Appeals,* 389 Mass. 705, 452 N.E.2d 476, 479 (1983) ("[P]roposition 2½ does not relieve a city or town from its educational responsibilities pursuant to [Mass.Gen.L. ch. 71B].").

## III

### *Attorneys' Fees*

■ Plaintiffs request that this court order defendants to pay attorneys' fees incurred in obtaining a preliminary injunction and in the underlying BSEA proceeding. *See* Amended Complaint at 9. 20 U.S.C. § 1415(e)(4)(B) provides, "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs

---

6. Defendants' position also conflicts with Mass. Gen.L. ch. 30A, § 14(3) which provides, "The commencement of an action shall not operate as a stay of enforcement of the agency decision...."

to the parents or guardian of a handicapped child or youth who is the prevailing party." This provision authorizes this court to award plaintiffs attorneys' fees for obtaining a preliminary injunction. Furthermore, plaintiffs may also recover attorneys' fees incurred at the administrative level. *See Williams v. Boston School Comm.*, 709 F.Supp. 27 (D.Mass.1989).

## IV

### *Conclusion*

Plaintiffs' motion for a preliminary injunction, together with the Hearing Officer's Decision, amply demonstrate that irreparable harm will occur if defendants do not promptly place Jennifer in the Landmark School.[7] As a result, this court orders defendants to comply with the Hearing Officer's Decision and immediately secure Jennifer's placement at the Landmark School. *See* Decision at 26.

An order will issue.

### ORDER

For the reasons stated in the attached Memorandum, plaintiffs' motion for a preliminary injunction is hereby ALLOWED. This court orders defendants to comply with the Order of the Hearing Officer of the Bureau of Special Education Appeals dated April 9, 1991. Specifically, this court orders defendants to:

1. Immediately send a letter to the Landmark School informing the school that defendants will assume funding responsibility for Jennifer C. so that she may enroll and attend that facility.

2. Provide and fund daily transportation for Jennifer to and from her home to the Landmark School.

3. Maintain Jennifer's placement at the Landmark School pending the outcome of any appeal which the defendants may file in this matter.

4. Pay the plaintiffs reasonable attorneys' fees incurred in obtaining this Order and in the underlying administrative proceeding.

---

7. *See Cox*, 498 F.Supp. at 828–29 ("Absent extraordinary relief from this Court, in the nature of a preliminary injunction to prevent the defendants from interfering with the free educational rights they, and all children, enjoy and deserve, irreparable harm, of inestimable nature and span, would accrue to these minor plaintiffs and also to the adult plaintiffs.").